THE PEOPLE OF THE STATE OF ILLINOIS

v.

THE SANITARY DISTRICT OF CHICAGO *et al.*

*Opinion filed June 23, 1904.*

1. PARTIES—*State is not a proper cross-petitioner in condemnation.* A cross-petition by the State in a condemnation proceeding is improper, both on the ground that a cross-petitioner in condemnation is, in effect, a defendant, whereas the constitution forbids that the State be made defendant in any proceeding, and upon the further ground that State property is not subject to condemnation.

2. SAME—*all persons interested need not be made parties to single condemnation proceeding.* It is not essential to the right of a petitioner to judgment in condemnation that all persons interested or whose rights may be involved be made parties to a single proceeding.

3. CONSTITUTIONAL LAW—*Attorney General cannot waive State's immunity from suit.* The Attorney General has no power to waive the immunity of the State from suit by filing a cross-petition on behalf of the State in a condemnation proceeding, thus placing the State in the position of a defendant.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

The Sanitary District of Chicago brought its suit in the circuit court to condemn a strip of land extending from Madison to Randolph street along the river bank, which was a part of the original town of Chicago platted by the canal commissioners in 1836, or thereabouts. The strip in question originally lay within the boundaries of West Water street, as shown upon that plat. The State of Illinois was made a defendant on the allegation by the sanitary district that the State claimed some interest. The State appeared and filed an appearance, but on motion in the lower court the appearance was stricken from the files on the ground that the State could not be made a defendant in view of the prohibition of the constitution. At the same time the State intervened by a cross-petition, which is in question here. The property owners moved to strike that cross-petition from the files on the ground that the State was not a proper party to such

proceeding, chiefly on the proposition that a cross-petition in the case could only be filed by one who could lawfully be a defendant. The court, however, denied this motion, holding that as an intervenor the State might come in, though not as a defendant, and required the property owners to answer, which they did by denying that the State had any title whatever and claiming that the entire property was of private ownership. On this the court heard the evidence which is now presented to this court, comprising the case of the State of Illinois. At the conclusion of the State's evidence the property owners moved to strike out the evidence on the ground that the State had not made such a case as would require the property owners to make answer, and also moved to dismiss the petition on the ground that no sufficient evidence had been adduced to entitle the State to relief. The court denied the motion to strike out the evidence but granted the motion to dismiss the petition. To reverse this order the Attorney General, on behalf of the State, sued out this writ of error.

H. J. HAMLIN, Attorney General, for the People.

MARTIN M. GRIDLEY, for defendant in error the Star and Crescent Milling Company.

ARTHUR B. WELLS, and JOHN M. BLAKELY, (EZRA B. McCAGG, of counsel,) for defendants in error John A. Cook and Louisa Healy.

WILSON, MOORE & McILVAINE, DAVID FALES, and FRY & HYDE, (N. G. MOORE, of counsel,) for other defendants in error.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

The question first presented upon this record is as to the right or authority of the State to become a party to this proceeding. By the constitution (art. 4, sec. 26,) it

is declared "the State of Illinois shall never be made defendant in any court of law or equity." In this section of the constitution the fiat of the people, the supreme authority of the State, is so positive and clear that it requires only to be read to produce upon the mind the conviction that the inhibition therein contained is absolute and must be observed by the courts. *People* v. *Dulaney*, 96 Ill. 503; *In re City of Mt. Vernon*, 147 id. 359.

The proceeding is condemnation, to which, only, there can be the petitioner, (who is, properly speaking, the plaintiff,) and those interested as owners, or otherwise, of the lands sought to be taken or damaged by the petitioner, and who are properly termed by the statute defendant or defendants, according to the number of them.

While the statute (chap. 47, sec. 11,) authorizes owners and those interested in the property to be condemned and who are not made parties to the proceeding, to file a cross-petition and have their rights considered and determined, it seems clear to us that such cross-petitioner, when such leave is granted and the petition filed, bears only the relation of a defendant to the proceedings. It would seem that in such proceeding only the party seeking the condemnation can be termed the plaintiff, and all other parties to the proceeding, as to such petitioner, bear the relation of defendants. Whenever it becomes necessary to the proper disposition of a cause, courts will look beyond the mere forms of pleading or the relation or place of the parties to or in the title of the cause, and from their real interests and the effect the adjudication may have upon their rights, determine their true position in the cause, whether that of plaintiff or defendants. When the cross-petition on the part of the State was filed, if it could be regarded as a party it was as a defendant. The Attorney General cannot, as we think, waive the State's immunity from being placed in the position of a defendant. Nor can he commit or bind the State by filing a cross-petition, the result of which is to

place the State in the attitude of defendant in the pro-
ceeding. *Ex parte Dunn,* 8 S. C. 207; *Dabney* v. *Bank,* 3 id.
124; *Adams* v. *Bradley,* 5 Sawyer, 217; 26 Am. & Eng. Ency.
of Law,.(2d ed.) 486.

The authorities seem agreed that where the consti-
tutional exemption can be waived the sole authority to
do so rests with the legislature. (*Commonwealth* v. *Lyon,*
72 S. W. Rep. 323; *St. Paul, etc. Railroad Co.* v. *Brown,* 24
Minn. 517; *Commonwealth* v. *Haly,* 106 Ky. 719.) We are
not called upon to determine whether the legislature,
under our constitution, could waive the exemption or
authorize a suit or proceeding to be brought against the
State, as it has not attempted to do so in the case be-
fore us. The lands involved were improved with wharfs,
docks and buildings and in the actual possession and
control of private parties. They had property interests
which the petitioner sought to take and damage by the
enlargement of the canal. They were proper parties,
and their rights and interests could be determined and
their compensation fixed without the State being made
a party. The statute does not require that all parties in-
terested or whose rights may be involved shall be made
parties to a single proceeding. (*Bowman* v. *Venice and
Carondelet Railway Co.* 102 Ill. 459; *Indiana, Illinois and
Iowa Railroad Co.* v. *Conness,* 184 id. 178.) That rights of
one not made a party are not affected by the proceeding is
clear and so declared by the above authorities. The State
could in no manner be prejudiced by the proceedings had
if it were not a party or could not be legally made a party
defendant. If the State owns the land in question, or any
part thereof, it may, by an appropriate action in which
it is plaintiff, recover or protect its title and possession,
or it may, if it elects to do so, through the legislature
cede the same, or the use thereof, to the petitioner.

If it should be conceded that the State does own
the land in question, or any interest in it, we would feel
constrained to hold that it was an unnecessary and im-

proper party for the further reason that the property of the State is not subject to condemnation under our law. Our statute (chapter 47) only authorizes the courts of the State to entertain jurisdiction of proceedings for condemnation when the right to take private property for public use is involved. In such cases the taking is the exercise of sovereignty, and as a necessary attribute thereof. It is invoked and exercised for the common good, and to it the rights of the individual must yield. The only limitation upon its exercise is found in the constitutional provisions requiring that the taking or damaging be by due process of law and that just compensation be made therefor. The safeguards are for the citizen as against the State. The taking is by the State or some agency of the State created by it. It would be anomalous that the State, which through its agent, the sanitary canal, desires to devote certain State property to a public use, should by its agent bring a suit in a State court against itself to determine its own compensation for its own land, devoted to its own use. In the absence of express authority for such proceeding,—and none exists,—it would be a mere nullity, and would be as valid without as with parties thereto.

As we entertain the view that the State was not a proper party to the proceeding, we deem it not only unnecessary, but improper, that we should consider or pass upon the several acts of the General Assembly and the ordinances of the city of Chicago, and the various steps and conveyances claimed to have been taken and made pursuant thereto by the defendants in error, or the contention that the State has parted with its interest in the land in question or is estopped to assert the same, as whatever we might say upon such matters would be mere dictum.

The cross-petition of the State was properly dismissed, and the judgment of the circuit court of Cook county is affirmed.            *Judgment affirmed.*