TITLE GUARANTY & SURETY CO., OF SCRANTON, PA., v. GUERNSEY et al.

(District Court, W. D. Washington, N. D. January 23, 1913.)

No. 2,022.

1. STATES (§ 191*)—RIGHT TO SUE—AUTHORITY—STATE STATUTES.

Const. Wash. art. 2, § 26, declares that the Legislature shall direct by law in what manner and in what courts suits may be brought against the state, and 1 Rem. & Bal. Code Wash. § 886, provides that such suits shall be begun in the superior court of Thurston county. *Held* that, since a state cannot be sued without its consent, and no judgment can be entered against it in any court without express legislative authority, the state of Washington cannot be sued in the federal courts.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

2. STATES (§ 191*)—SUIT AGAINST STATE—CHALLENGE TO JURISDICTION.

Where a state is unlawfully sued in the federal courts, failure of the Attorney General to challenge the court's jurisdiction at the threshold does not waive the state's immunity from suit, nor estop it from thereafter objecting that the court has no jurisdiction over it.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 179–184; Dec. Dig. § 191.*]

Suit by the Title Guaranty & Surety Company, of Scranton, Pa., a corporation, against W. F. Guernsey and others, in which the State of Washington and others filed an answer and cross-bill in the nature of a bill of interpleader, and defendants Guernsey & Co. filed a cross-bill against the State, denying the amount alleged to be due by the State, and claiming against the State several thousand dollars in addition, for which judgment was prayed, to which cross-bill the State demurred. Sustained.

See, also, 205 Fed. 91.

W. V. Tanner, Atty. Gen., and S. H. Kelleran, Asst. Atty. Gen., for State of Washington.

Emil N. Stenberg, of Tacoma, Wash., for defendants W. F. Guernsey & Co.

PER CURIAM. The state of Washington heretofore entered into a contract with W. F. Guernsey & Co. for the construction of state aid road No. 69, and the complainant, the Title Guaranty & Surety Company, of Scranton, Pa., became surety on the contractor's bond, which contained the usual conditions for the faithful performance of the contract and the payment of all claims for labor and material. The contract has been fully performed by the contractor, a considerable sum remains due from the state on account of the contract price,

the contractor owes large sums for labor and material, and has made assignments of the balance due from the state. Under these circumstances the complainant, as surety on the bond, filed the present bill in this court against the contractor, the state of Washington, and others, for a settlement and adjustment of all claims arising out of the contract, and to subject the balance due from the state to the payment and satisfaction of claims against its principal, the contractor.

The Attorney General of the state filed an answer and cross-bill, in the nature of a bill of interpleader, in which the state admitted that there was a balance due from the state to the contractor in the sum of upwards of $20,000, the exact amount not being ascertained at that time, and the state expressed a willingness to deposit the sum so due in the registry of this court, to be apportioned and distributed to the parties thereto entitled. The contractor by cross-bill denied the amount alleged to be due by the state under the contract, and set forth a claim against the state for several thousand dollars additional, for which judgment was prayed. To this cross-bill the state has interposed a demurrer.

[1] It is a fundamental rule of public law that a sovereign state cannot be sued without its consent, and that no judgment can be entered against it in any court without express legislative authority therefor. In recognition of this elementary principle article 2, § 26, of the Constitution of the state of Washington declares:

"The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."

And the Legislature has provided that such suits shall be begun in the superior court of Thurston county. 1 Rem. & Bal. Code, § 886. In the face of these provisions and article 11 of the amendments to the Constitution of the United States, it is idle to assert that this court has jurisdiction of a suit against the state, or that it can enter any judgment whatever against it. Stanley v. Schwalby, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. Ed. 960.

[2] It would have, perhaps, been more seemly had the Attorney General challenged the jurisdiction of the court at the threshold; but the immunity of the state from suit can only be waived by the Legislature, and it is in no manner bound or estopped by the acts of its officers. As said by the court in Stanley v. Schwalby, supra:

"Neither the Secretary of War nor the Attorney General, nor any subordinate of either, has been authorized to waive the exemption of the United States from judicial process, or to submit the United States, or their property, to the jurisdiction of the court in a suit brought against their officers."

See, also, People v. Sanitary District, 210 Ill. 171, 71 N. E. 334.

The demurrer to the cross-bill of the contractor is therefore sustained. Let an order be entered accordingly.