PEOPLE, PLAINTIFF AND APPELLANT, v. MARTÍNEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Nullity of Records, Etc.

No. 2219,—Decided June 28, 1920.

EJECTMENT—CONSENT TO BE SUED—JURISDICTION.—An action of ejectment can not be brought by a complaint against The People of Porto Rico without its consent, if the cause of action arose before the enactment of Act No. 76 of 1916, nor, therefore, can such an action be brought against The People of Porto Rico under such conditions by means of a counter-complaint; and the

fact that the district attorney, representing The People of Porto Rico, answered the counter-complaint did not give the district court jurisdiction, its judgment sustaining the counter-complaint being erroneous.

The facts are stated in the opinion.

Mr. J. E. Figueras, Fiscal, for the appellant.

Mr. F. Parra Capó for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the year 1906 The People of Porto Rico acquired at public auction in a proceeding against Juan Giraldez for the collection of a bond given by him in favor of Francisco Giraldez a property situated in Pellejas and Vegas Abajo of the municipality of Adjuntas and since that time has been in possession of the property. This same property was purchased in the year 1908 by Juan Martínez Domínguez at an execution sale in an action of debt brought by him against the succession of Francisco Giraldez Cividanes. Since 1882 the property was recorded in the registry of property, first in the name of Francisco Giraldez Cividanes, by purchase title given to him in the year 1879, thereafter in the name of his succession, and still later in the name of Juan Martínez Domínguez. The People of Porto Rico did not record its title.

On June 19, 1916, The People of Porto Rico brought an action in the District Court of Ponce against Juan Martínez Domínguez for the cancelation in the registry of property of the record of that property in the name of the defendant and for the annulment of his title. The defendant answered the complaint on January 6, 1917, alleging that Juan Giraldez, from whom The People of Porto Rico acquired the property, was not the owner of the property, which first belonged to Francisco Giraldez Cividanes in whose name it was recorded in the registry of property, then to his succession and finally to the defendant, who has it recorded also and who, although he has not the physical possession thereof, has paid the taxes thereon to The People of Porto Rico.

Thereafter, on November 25, 1919, the defendant filed in the same suit a counter-complaint against The People of Porto Rico for the annulment of its title; for a declaration that the property belongs exclusively to the counter-complainant, and for an order that it be delivered to him. The People of Porto Rico, represented by the district attorney of Ponce, answered the counter-complaint with a general denial and prayed that it be dismissed. The judgment entered in the action dismissed the complaint in all its parts, sustained the counter-complaint and declared null and void the title of The People of Porto Rico to that property, and further ordered that it be delivered to Martínez by The People of Porto Rico.

In the appeal taken from that judgment by The People of Porto Rico nothing is alleged against the judgment in so far as it dismissed the complaint, and the only ground of appeal set up is that the trial court erred in admitting the counter-complaint and taking it as a basis for its judgment, for the reason that The People of Porto Rico can not be sued without its consent. The appellee has filed no brief in his defense and was not present at the hearing on the appeal.

This question has been considered and disposed of by the Supreme Court of the United States to the effect that The People of Porto Rico can not be sued without its consent. *People of Porto Rico v. Rosaly y Castillo,* 227 U. S. 270. Thereafter, Act No. 76 of our legislature of the year 1916 authorized the district courts to entertain suits against The People of Porto Rico in actions for damages based upon contracts entered into after the act went into effect and in actions to recover real or personal property, or an interest therein, where the cause of action arose after the passage of the act, provided that no recovery should be had for any damages occasioned by The People of Porto Rico prior to the time of action brought. Section 2 of that act provides that no action can be brought against The People of Porto

Rico unless consent thereto is expressly included within the provisions of the act, and that express or implied consent given by The People of Porto Rico and not expressly included therein is revoked. Section 9 provides that any person having any claim against The People of Porto Rico for any cause of action arising prior to the taking effect of the act shall within one year after said date present a petition to the Legislative Assembly of Porto Rico requesting authorization to bring suit for said claim in the manner provided in the act, etc.

In accordance, therefore, with the jurisprudence and the law cited, it is clear that The People of Porto Rico could not, without its consent, be sued by Juan Martínez Domínguez for the annulment of the title to the property which it acquired at a forced sale, nor for the delivery of the property to him.

This being so, could he maintain such an action by means of a counter-complaint without first obtaining the consent of the Legislative Assembly of Porto Rico, for the reason that The People of Porto Rico sued him and asked for the cancelation of the record of his title in the registry of property?

A counter-complaint is a claim set up by the defendant against the plaintiff in an action brought against the former; therefore if the claim could not be set up directly against The People of Porto Rico without its consent, it could not be done by means of a counter-complaint. Juan Martínez Domínguez could not sue The People of Porto Rico without its consent for the annulment of the title which the latter has held since 1906, because when Martínez acquired the property and recorded it in 1908 his cause of action arose for such nullity and recovery, that is, prior to 1916 when the said act was approved; and the fact that the district attorney of Ponce answered the counter-complaint interposed

by Martínez in this action, did not give jurisdiction to the lower court of the said counter-complaint, for only The People of Porto Rico by its Legislative Assembly can give such consent to be sued. 24 R. C. L. 885, par. 94; *People* v. *M. Miles et al.*, 56 Cal. 401; *Moore* v. *Tate*, 10 Am. St. Rep. 712; 18 Am. Digest, Decennial Edition, page 710, par 197; *State of Arkansas* v. *Arkansas Brick & Manufacturing Company*, 33 L. R. A. (N. S.) 376; *People* v. *Sanitary District of Chicago*, 71 N. E. 334; 36 Cyc. 912.

For the foregoing reasons the judgment appealed from must be reversed, but only in that part which sustains the counter-complaint, adjudges the nullity of the title of The People of Porto Rico and orders that the latter deliver the property to Juan Martínez Domínguez, and affirmed in all other respects.

*Reversed in part.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.