IN RE APPROPRIATION OF EASEMENT FOR HIGHWAY PURPOSES OVER PROPERTY OF SMITH ET AL.

(No. 2725—Decided April 24, 1963.)

*Mr. William B. Saxbe,* attorney general, *Mr. Terrence M. Scherrer* and *Mr. Thomas F. Folino,* for Department of Highways.

*Messrs. Baggott & Johnston* and *Messrs. Baver & Doan,* for appellant Ida V. Smith.

CRAWFORD, J. Appellant, Ida V. Smith, owner of real property, appeals from an order of the Common Pleas Court overruling her motion for distribution to her of the entire amount of $11,000 remaining in the deposit by the Director of Highways, and agreed upon as the value of property taken for highway purposes.

Appellant has been the lessee under a purported 99-year lease, renewable forever, of certain canal lands which are required for use by the Director of Highways.

The state of Ohio, as owner of the fee, claims through the Attorney General that the Department of Public Works is entitled to a portion of the fund. The Common Pleas Court held that the fund represents the value of the fee simple and that, therefore, the appellant, as lessee, was entitled only to a portion thereof. Our first inquiry is to determine whether this premise is correct.

The Director of Highways proceeded under and in accordance with the provisions of Section 5519.01, Revised Code. He first filed his resolution and finding, which recites that he has been unable to purchase certain property, thereinafter described, which it is necessary to appropriate and take immediate possession of for the public convenience and welfare. Listed as owners were Ida V. Smith, appellant, the Department of Public Works of the state of Ohio, and the Treasurer of Montgomery County, Ohio.

The property over which the Director of Highways seeks a perpetual easement for limited access highway purposes is set forth in two tracts. The first, is .054 acres heretofore conveyed to Ida V. Smith by deed, of which she is the owner in fee simple.

The second tract is designated, "Also Canal Lease No. 243." Then follows a legal description of 2.75 acres of land. Next appears this language: "Being that portion of said Miami and Erie Canal Lands leased to said Ida V. Smith, et al., by Lease No. 243, on file in the Department of Public Works, Columbus, Ohio, * * *"

This is followed by the finding of the director in these words: "And I find the following amount to be the value of the property to be appropriated and damages to the residue:

|                    |                    | Damages To      | Total     |
|--------------------|--------------------|-----------------|-----------|
| "Value of Land     | Value of Structure | The Residue     | Deposit   |
| $11,000            | $12,180            | $0.00           | $23,180"  |

Nothing whatever was filed in the case by the Director of Public Works. Ida V. Smith alone filed notice and petition of appeal and furnished bond.

After the preliminary procedures, a mimeographed settlement entry was filed, which begins:

"It appears to the court that the appellants [sic], Ida V. Smith and the Department of Public Works of the state of Ohio, over which an easement was appropriated in this cause, have agreed with the Director of Highways upon the amount of compensation and damages due said appellants [sic] by reason of said appropriation, to accept and withdraw the sum of twenty three thousand one hundred and eighty dollars ($23,180) heretofore deposited by the Director of Highways, in full payment thereof, and said appellants [sic], Ida V. Smith and Department of Public Works of state of Ohio, do hereby release all claims for further compensation and/or damages * * * and said deposit of twenty three thousand one hundred eighty dollars ($23,180) shall be paid upon application of said appellants [sic] in an order for distribution."

Upon application and leave of court, appellant withdrew the sum of $12,180, representing the sum fixed as the value of the structure, leaving the balance of $11,000 still to be distributed.

The appellant contends that the state is attempting to sue itself in this case, although lacking authority to do so; that the state is attempting to cast itself in two roles, as both landlord and tenant; that by terminating the lease of appellant, the state, as owner in fee simple, has acquired the interest of its lessee; that the tenancy is thereby extinguished and a merger has resulted, so that the state can claim no further rents and no further rights in the lease; and that it has purchased the lease of appellant and entered into possession, and cannot now claim any part of the purchase price it has paid, or ask for further rents.

Appellant points out that at one time the Department of

Highways and Public Works was one single department, and, as such, executed the lease to appellant on November 18, 1926; that such department was created in the 84th General Assembly (1921-1923), by House Bill 249 (109 Ohio Laws, 105), and was to be administered by the Superintendent of Public Works with authority to lease canal lands. (109 Ohio Laws, 106.)

Appellant says that in 1927 the Legislature, by enacting House Bill 67, divided this combined department which had executed the lease, into a Department of Public Works and a Department of Highways. She contends that the state cannot by this shuffling of departments change her rights or status as a lessee of the state.

The Attorney General claims that the state is not suing itself because there is no adversary proceeding between the two departments; that the Department of Public Works is merely represented here in order that it may participate in the deposit made by the Department of Highways; that the settlement entry constitutes an agreement that the value of the fee simple title is $11,000; that the Department of Highways followed the correct procedure in depositing the full market value of the fee simple title to the 2.75 acre tract of canal lands; and that the right of one department of the state to be compensated for lands taken by another department is provided in Section 115.45, Revised Code; that it is the usual and proper course in appropriation cases to determine the value of the fee simple and then, upon distribution, ascertain the respective rights of the owners; that the reorganization of the various state departments makes no essential difference in the present question; that the state owned this property in its proprietary and not in its governmental capacity; that, therefore, the Department of Public Works is entitled to participate in the distribution of the deposit; and that the leasehold estate cannot be converted into a higher estate because of the appropriation.

The Attorney General's brief has summarized his position in these words:

"If the agreed appraisal figure represented only the value of the leasehold interest then there would be merit in the appellant's claim to the entire amount. But such is not the case because the agreed appraisal figure represents the value of the entire fee simple title. The appraisal figure must either be

redetermined in order to reflect the appraisal value of the leasehold interest only, or if not, then the Department of Public Works should be allowed to participate in the award to the extent of its interest as lessor.''

The second sentence states the premise upon which the Court of Common Pleas acted. We proceed, therefore, to examine its validity—to determine, in other words, whether the sum of $11,000 includes the value of the fee simple title to the 2.75 acres of canal lands, or only the value of appellant's leasehold estate therein.

The word ''property,'' used in the resolution and finding to describe what is being taken, is a generic term which obviously includes the superstructure, the fee simple title to the .054 acre tract not part of the canal lands, and the leasehold estate in the 2.75 acre tract of canal lands. The question is, does it include also the fee simple title to the 2.75 acres of canal lands?

The question naturally arises why the state, even if it could bring an action against itself, should go into court to acquire or appropriate what already belongs to it. Section 115.45, Revised Code, referred to above, is entitled ''Department Accounts'' and appears in the chapter on ''Auditor of State.'' It provides a simple and expeditious method of adjustment and transfer of property between departments. It requires no appropriation procedure, no evaluation by a jury, nor acquiescence by any private owner of an interest in the realty.

Section 5519.01, Revised Code, under which this proceeding is brought, begins with the words:

''If the Director of Highways is unable to purchase property for any purpose authorized * * * he shall first enter on the journal of the Department of Highways a finding'' which ''shall contain a definite, accurate, and detailed description of the property, and the name * * * of the owner of the property appropriated.''

The director is required to file a true copy of his resolution and finding with the court, together with a deposit of the value of the property appropriated and damages to the residue.

This obviously refers to the acquisition of private property, not to property which the state already owns. For the state need not buy what it already has.

Appellant's counsel have cited the case of *People* v. *Sani-*

*tary District of Chicago*, 210 Ill., 171, 71 N. E., 334, and quote from that opinion this language, which we believe to be applicable also under our Constitution and statutes:

"* * * Our statute (chapter 47) only authorizes the courts of the state to entertain jurisdiction of proceedings for condemnation when the right to take private property for public use is involved. In such cases the taking is the exercise of sovereignty, and a necessary attribute thereof. * * * The taking is by the state or some agency of the state created by it. It would be anomalous that the state, which through its agent, the sanitary canal, desires to devote certain state property to a public use, should by its agent bring a suit in a state court against itself to determine its own compensation for its own land, devoted to its own use. In the absence of express authority for such proceeding,—and none exists,—it would be a mere nullity * * *."

Ordinarily, in an appropriation proceeding the entire ownership is affected. It is for that reason that the ground itself is described without specific mention of leases, easements or other interests. The land is evaluated; and the individual interests therein determined upon distribution. But that does not appear to have been the procedure here. The lease was specifically mentioned as the property taken, causing it to appear that only the leasehold was appropriated.

The words "Value of land, $11,000" in the director's resolution and finding are not determinative. The term "land" may be used not only to designate the ground itself, but frequently to designate only a certain interest therein.

Many rights and estates in land less than fee simple may be taken by appropriation. Such an interest may constitute the only "property" taken. Yet, the same appropriation statutes must be followed. *State, ex rel. McKay, Exr.,* v. *Kauer, Dir.*, 156 Ohio St., 347. There can be no need in such a case to evaluate the ground itself, but only the right, easement, etc., which constitutes the "property" taken.

In the resolution and finding, both the Department of Public Works and the county treasurer were listed as owners. There are ample and similar reasons for naming both. The treasurer is an interested party because the property appropriated will be removed from the tax duplicate for the future, and accrued taxes may be owing. Likewise, the Department of Public Works will

cease to be a lessor entitled to future rentals, and current rentals may be due. Hence, the mere naming of the Department of Public Works and the Montgomery County treasurer as "owners" does not enlarge the "property" or the interest in real estate which is being taken.

The Attorney General says in his brief that the state of Ohio is not suing itself because the two departments, Highways and Public Works, are not in an adversary position. An appropriation action is essentially an adversary proceeding. If the two departments are not adversaries it follows that the state is not appropriating its own property and that, consequently, its value is not included in the deposit. It means also that, in preparing the settlement entry the Public Works and Highway departments are not on opposite sides, dealing across the table from each other, but are sitting together on one side as co-operating agencies of the state, dealing with the lessee on the other side. The Department of Public Works, if not an adversary of the Department of Highways, but another agency of the same sovereign, could have no interest whatever, as does the appellant, in fixing a high amount to be paid. And the settlement entry furnishes no intimation that the Department of Public Works expects to claim any part of the deposit.

In that entry the Department of Public Works is inaccurately referred to as an appellant, which it is not. Smith is the only appellant and the only one interested in the amount to be paid.

Upon the present state of the record, it is our opinion that the amount agreed upon in the entry was fixed as the value of the property taken; that, with respect to the 2.75 acres of canal lands, the only property taken was the appellant Smith's leasehold, and that therefore the Department of Public Works has no right or interest therein.

If this is not what the director intended, then his resolution and finding does not contain "a definite, accurate, and detailed description" of the property which he intended to appropriate.

The only property subject to appropriation was the leasehold interest of the appellant, and the description, as well as the amount deposited, should have related exclusively to that interest.

To require the appellant upon distribution to take any less

than the amount deposited effectively denies her the right to appeal from the amount which should have been deposited. She should not be denied this right. On the other hand, it would be equally unfair to allow the appellant to benefit from a mistake, if one was made, which in no way prejudiced her rights.

We are convinced, therefore, that the only proper course in this case is to reverse the judgment and remand the cause to the trial court, with instructions to grant leave to the parties, provided proper application or applications are made, to amend the proceedings so as to eliminate all misunderstanding and uncertainty.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.