DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Huron County Court of Common Pleas, which granted two appellees' motions to dismiss and granted summary judgment to the remaining appellees. This is appellant's fourth appeal in a series of litigation involving a parcel of farmland. Appellant had previously executed a land contract to purchase the farmland from Donald and Barbara Nofzinger. Ultimately, the land contract was voided, appellant was determined to have "rented" the farmland as a month-to-month tenant, and she was awarded a judgment for overpaid rent. She was also ejected from the land after the Nofzingers terminated her tenancy. Those judgments were affirmed on appeal. See Nofzingerv. Blood, 6th Dist. No. H-02-014, 2003-Ohio-1406; Nofzinger v.Blood (2003), 99 Ohio St.3d 1455; Nofzinger et al., v. Blood etal., 6th Dist. No. H-03-021, 2004-Ohio-2461.[1]
 {¶ 2} During the prior litigation, on December 30, 2001, the Nofzingers sold a portion of the farmland to Hartland Township for a road extension project, the Exchange Road Relocation Project ("Project"); the remainder of the land was sold to private individuals. The sale to Hartland Township occurred before appellant was determined to have been a tenant; thus, from appellant's perspective, at least, the Nofzingers sold the farmland to Hartland Township during the existence of the land contract.
 {¶ 3} On December 31, 2003, appellant, Susan Blood, filed a complaint against appellees Hartland Township ("Hartland"), Lauren Kamm, Davia Kasper, Tucker Abstract, and A.J. Riley Construction, Inc. ("A.J. Riley") The complaint alleged that A.J. Riley had trespassed upon the farmland during appellant's tenancy; it also alleged "the taking of property not in accordance with the law and violation of the plaintiff's constitutional rights including the United States Constitutional Amendment V guarantees to due process in any such taking * * *." Regarding damages, appellant's complaint requested "compensation for property loss in accordance with benefit of the bargain principles, actual damages for the resultant ongoing and substantive injury resulting from the uncompensated loss * * * and punitive damages for trespass and takings * * *."
 {¶ 4} On February 6, 2004, the trial court granted A.J. Riley's motion to dismiss for failure to state a claim. A.J. Riley was the general contractor hired by Hartland Township for the Project. Appellant had alleged that A.J. Riley had performed construction work upon the farmland prior to any transfer of ownership to Hartland Township. Documents attached to appellant's memorandum in opposition to A.J. Riley's motion to dismiss include a sales agreement between Donald and Barbara Nofzinger, in their capacities as trustees of the Nofzinger Family Trust ("Trust"), the farmland owner. The sales agreement was signed by the Nofzingers and the Hartland Township trustees on December 30, 2001. Also attached are documents which list the beginning and end dates of the Project. Actual construction was slated to commence on December 1, 2001. Appellant's land contract for the farmland was not voided by the trial court in the prior litigation until February 27, 2002. See Nofzinger v. Blood,
2003-Ohio-1406 at ¶ 3.
 {¶ 5} In granting A.J. Riley's motion to dismiss, the trial court stated that, although claims for property damage may be brought by a third person against a government contractor, appellant's claim only alleged that A.J. Riley Inc. "conspired with the trustees of Hartland Township to constitutionally deprive Plaintiff of her property interest. It is not a conspiracy for A.J. Riley to perform a publically [sic] bid contract." Even assuming that appellant had a "cognizable interest" in the farmland, and even assuming that Hartland effected an unlawful taking, the trial court held that "A.J. Riley owed no duty to the land owner or a person with a cognizable interest in the land to protect them against an unlawful taking."
 {¶ 6} Tucker Abstract performed title work for the sale between the Nofzingers and Hartland. On March 15, 2004, Tucker Abstract's motion to dismiss was granted, on grounds that it, too, had a right to rely on Hartland's actions when it entered into a contract with Hartland to do the title work for the farmland conveyance. The trial court also stated that, since appellant alleged her interest consisted of the now-void land contract, "nothing Tucker Abstract did could have affected Plaintiff's interests."
 {¶ 7} Lauren Kamm, a Hartland Township trustee, acted as attorney advising Hartland Township on the Project. Daivia Kasper was the Assistant Prosecutor for Huron County; the Assistant Prosecutor is the statutory counsel for the Board of Trustees of Hartland Township. Appellant's complaint alleged that Kamm and Kasper "engaged in deliberately withholding information about the conveyance of additional property in the form of earth used in construction * * *" and that their "disreguard [sic]" of their statutory duties resulted in the voiding of her now-void land contract for the farmland. Appellant additionally alleged that Kasper refused to meet with her and deliberately withheld information from her; apparently, appellant sought this information in support of litigation involving the Nofzingers.
 {¶ 8} On June 22, 2004, Hartland Township's and Kamm's motions for summary judgment were granted. In a single order, the trial court found appellant lacked standing due to the prior decision in Blood v. Nofzinger, 6th Dist. No. H-02-124, 2003-Ohio-1406. On August 26, 2004, Daivia Kasper's motion for summary judgment was granted. The trial court again found that appellant lacked standing due to the prior judgment voiding the land contract. The grant of summary judgment was alternatively grounded on Kasper's lack of a duty to appellant because Kasper's involvement was that of Hartland's attorney and engineer.
 {¶ 9} Simply, appellant alleges that because construction on the roadway extension project commenced before the farmland transfer to Hartland Township was complete, and because the prior litigation involving the now void land contract was still pending, she still had an ownership interest that was violated by the commencement of construction. Throughout multiple orders dismissing each defendant, the trial court agreed with the defendants-appellees that, due to prior judgments involving appellant's land contract, she had no cognizable or compensable property interest at the time of the alleged taking and trespass.
 {¶ 10} From that adverse judgment, appellant raises the following assignments of error:
 {¶ 11} "I. Utilization of JE CVH2000-821 to deny plaintiff standing is a constitutional error resulting in retroactive withdrawal of substantive rights.
 {¶ 12} "II. It is prejudicial error to rely on JE CVH 2000-821 to ignore central issues of bad faith and alleged fraud brought under the doctrine of promissory estoppel.
 {¶ 13} "III. The Court's determination that plaintiff lacks standings is plain, prejudicial error.
 {¶ 14} "IV. The Court made an error in law granting dismissal and/or summary judgment to defendants on grounds that they had a right to rely on township authority or were mere employees.
 {¶ 15} "V. The Court committed prejudicial error in granting dismissal and/or summary judgment to defendants where a question of intent has been raised.
 {¶ 16} "VI. The Court committed prejudicial error in granting summary judgment to defendants against the manifest weight of the evidence proving material facts are in dispute.
 {¶ 17} "VII. The Trial Court erred in dismissal of A.J. Riley Inc.
 {¶ 18} "VIII. The Trial Court erred in dismissal of Tucker Abstract.
 {¶ 19} "IX. The Trial Court erred in granting summary judgment to Lauren Kamm and Hartland Township.
 {¶ 20} "X. The Trial Court erred in granting summary judgment to Davia Kasper.
 {¶ 21} "XI. It is an abuse of discretion for the Trial Court to grant dismissal and summary judgment where counterclaims have not been addressed." (Internal citations omitted.)
The Takings Claims
 {¶ 22} Appellant's first, second, and third assignments of error involve the trial court's decision to deny appellant standing. At the time of the alleged trespass and takings, appellant had what all parties ostensibly believed was a land contract to purchase the farmland from the Nofzingers. After the alleged trespass and takings, the land contract was found invalid and unenforceable. Nofzinger v. Blood, 6th Dist. No. H-02-014, 2003-Ohio-1406; Nofzinger v. Blood (2003), 99 Ohio St.3d 1455. Appellant's interest, therefore, was a leasehold interest in a month-to-month tenancy. The doctrine of the law-of-the-case is "applicable to subsequent proceedings in the reviewing court as well as the trial court." Nolan v. Nolan (1984),11 Ohio St.3d 1, 4. We do not see this litigation as a collateral attack on the prior judgments, as appellees assert; however, in this matter we must follow prior decisions as to the nature of appellant's interest as of the moment of the alleged taking and trespassing. Thus, appellant had the interest of a month-to-month tenant at the time the alleged takings and trespass occurred.
 {¶ 23} It is well-settled law that a lessee has standing to pursue a takings claim where the leasehold interest was appropriated, and the lessee may assert claims for damages and receive compensation for resulting losses. "It has long been established that the holder of an unexpired leasehold interest in land is entitled, under the Fifth Amendment [of the United States Constitution], to just compensation for the value of that interest * * *." Alamo Land Cattle Co. v. Arizona (1976),424 U.S. 295, 303. See also, Cincinnati v. Spangenberg (1973),35 Ohio App.2d 168, 170. "Many rights and estates in land less than fee simple may be taken by appropriation." In re Appropriationof Easement for Highway Purposes over Property of Smith (1963),118 Ohio App. 435, 440. The trial court erred as a matter of law to find appellant lacked standing to pursue a takings claim by virtue of the prior judgment which invalidated the land contract. The prior judgment found appellant to have the interest of a month-to-month tenant; therefore, appellant has the standing of a month-to-month tenant for the purposes of the instant case.
 {¶ 24} The parties dispute one material fact for purposes of standing: In their appellate brief and motions for summary judgment, several of the appellees allege that no portion of the farmland purchased for the project was subject to the now-void land contract; thus, appellees argue, what interest appellant had in the farmland was not harmed. Appellant alleges that a portion of the farmland taken was subject to the land contract, and thus, she retained an interest in the land taken. For the purposes of both motions to dismiss and the motions for summary judgment, we will construe all inferences in appellant's favor, and assume that appellant had a leasehold interest in the land taken for the project. Appellant's first, second, and third assignments of error are therefore well-taken with respect to the trial court's determination that she had no cognizable interest for the purposes of a takings claim or a trespass claim.
 {¶ 25} As for the merits of appellant's takings claim, "[i]n an appropriate case, to have any valid claim against the state to be compensated for property, it must appear that such property is taken by the state." Masheter v. Boehm (1973),34 Ohio App.2d 43, paragraph one of the syllabus, reversed on other grounds byMasheter v. Boehm (1974), 37 Ohio St.2d 68. Here, Hartland purchased the property from the owners of record, the Nofzinger Family Trust, Donald and Barbara Nofzinger acting as trustees. Hartland neither instituted appropriation or eminent domain proceedings, nor was it required to do so. Although there is some question as to what Hartland officials Kasper and Kamm knew of appellant's interest at the time of the alleged takings and the timing of their knowledge, ultimately, any answers would be irrelevant. The Nofzingers instituted the prior proceedings to eject appellant from the farmland as if she were a lessee; appellant was ultimately determined to have been a lessee all along. It appears that to rectify this unjust situation as appellant desires, she would have the land contract reinstituted; the law of the case doctrine precludes this remedy. If anything, the Nofzingers, after appellant had performed her duties pursuant to a land contract for five years, acted disingenuously when they decided, in effect, to sell the farmland to Hartland. Be that as it may, the Nofzingers' manner of dealing with appellant does not thereby render Hartland, Kamm, Kasper, or the appellee contractors subject to liability for engaging in a land purchase.
 {¶ 26} A similar situation occurred in Fasciani v. Villageof Ossining (1977), 396 N.Y.S.2d 669, 58 A.D.2d 497. There, a village purchased two parcels of land from a private owner who was leasing the parcels to two businesses. The village purchased the parcels subject to the leases. After several years, the leases were renewed, with each tenant becoming a tenant from month to month. After another year, the village served the businesses with notices to vacate in order to demolish the properties and put the parcels to municipal use. The plaintiff business vacated the premises, and commenced actions to enjoin the termination of their leases until the village instituted condemnation proceedings on their trade fixtures.
 {¶ 27} In finding the plaintiff businesses unable to recoup the value of their trade fixtures, the trial court reasoned that, as a purchaser, the village stood "in the same position with respect to [the property] as any other private purchaser of the fee * * * the existence of plans for public use of property contrary to an owner's interests does not constitute a de facto
taking." Id. at 502. Thus, although the plaintiffs had a leasehold interest in the property, the village's purchase alone did not constitute a taking.
 {¶ 28} Similarly, Hartland here wished to purchase a portion of the farmland for the Project. Finding the owner of record to be the Nofzinger Family Trust, it commenced negotiations with the Nofzingers, the trustees. In her brief, appellant argues that material issues of fact exist regarding whether 1) the property involved in the Project was to be conveyed to her; 2) whether any of the appellees had knowledge of the land contract; 3) whether there was fraud; 4) whether appellees "pressured or lured the Nofzingers into any fraudulent behavior in order to void the overall purchase * * * and thereby benefited"; 5) whether any appellees "misused the power of public office." None of these facts, even assuming they were established in appellant's favor, are sufficient to sustain a takings claim against Hartland, or render individuals involved liable. Although appellant had standing through a leasehold interest otherwise cognizable in an appropriation or eminent domain proceeding, she has no more remedy against Hartland than she would any other purchaser to whom the Nofzingers may have decided to sell. Consequently, appellant's claims for taking against Kamm and Kasper fail as well. For those reasons, appellant's fourth, fifth, sixth, ninth, tenth and eleventh assignments of error related to the takings claims are not well-taken.
The Dismissals of Appellant's Trespass Claim
 {¶ 29} As for appellant's eighth assignment of error and the trial court's dismissal of Tucker Abstract, appellant did not assert a claim for trespass against Tucker Abstract; appellant alleges that Tucker Abstract guaranteed title to the farmland in spite of its knowledge of her interest. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B) (6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. UniversityCommunity Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. "When determining a motion to dismiss under Civ.R. 12(B)(6), the court must presume all factual allegations in the complaint are true, Tulloh v. Goodyear Atomic Corp. (1992),62 Ohio St.3d 541, 544, and construe all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192." Keller v. State Dep't ofNatural Resources (May 8, 1998), 6th Dist. No. OT-97-052 at 5.
 {¶ 30} In her complaint, appellant stated that Tucker Abstract, "while in possession of copies of Common Pleas suit did not await statutory time allotted to allow appeal of decision before guaranteeing title, refused to return calls to Susan Blood and deliberately withheld information regarding the transfers." Appellant argued in her brief that Tucker Abstract "had copies of the written but unrecorded purchase contracts and refused to return plaintiff's phone calls. Failure to return phone calls is an admission of wanton and willful failure to perform a legitimate title search or of negligence at the very least." The order which found appellant failed to state a cause of action against Tucker Abstract was proper. Appellant has stated no authority, and this court can find none, for a third party cause of action against a title company for its involvement in a land transfer between two unrelated parties.[2] For example, appellant cites R.C. 3953.07, among other statutes; this statute governs requirements for title insurance; this statute cannot give a third party to a transaction a cause of action. "A title insurance policy is a contract between the insured and insurer."Chicago Title Ins. Co. v. Huntington Natl. Bank (1999),87 Ohio St.3d 270, 273. Even if, as the complaint alleges, Tucker Abstract guaranteed title to the farmland despite its knowledge that Donald Nofzinger had testified, in the prior case, that the farmland was subject to appellant's land contract, we find no authority for a title company's liability to a party outside the transaction. Therefore, appellant's eighth assignment of error is not well-taken.
 {¶ 31} However, we find merit in appellant's seventh assignment of error. The trial court failed, in each of its separate orders, to address appellant's claim for trespass. In her complaint, appellant alleges that A.J. Riley trespassed upon her land by commencing construction on the farmland; she alleged that Hartland retained A.J. Riley to do so. In granting A.J. Riley's motion to dismiss for failure to state a claim, the trial court focused upon appellant's taking claims; however, appellant's complaint only alleges that A.J. Riley trespassed by commencing and continuing construction upon property on which, we may infer, she had an interest. Appellant's complaint stated, "A.J. Riley commenced and continued construction on property for which no written sales agreement existed and for which no transfer of ownership had been made other than transfer of ownership to the Nofzinger Family Trust. * * * A.J. Riley Construction, Inc. continued construction despite knowledge of prior claim and pendant litigation * * *." In her brief, appellant claims that A.J. Riley took "earth moved in embankment construction" and cites DePugh v. Mead Corp (1992),79 Ohio App.3d 503, as authority for her cause of action. This case is entirely inapplicable to these facts; appellant cites DePugh
for the premise that ownership of earth constitutes an ownership interest in property. This premise has no bearing on a determination of whether A.J. Riley trespassed upon land in which appellant had an interest.[3]
 {¶ 32} "A common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue, even though such damages may be insignificant. See, generally, 88 Ohio Jurisprudence 3d (1989) 579-581, Trespass, Sections 1-2. The act of nonconsensual entry may be intentional or negligent." Linley v. DeMoss (1992),83 Ohio App.3d 594, 598. This is precisely what appellant has alleged occurred. "Rule 12(B) (6) motions should not be employed to terminate actions which the trial court might doubt will prevail on their substantive merits. Rule 12(B) (6) motions should be granted only where the allegations in the complaint
show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover * * *." Slife v. KundtzProperties, Inc. (1974), 40 Ohio App.2d 179, 185-186 (emphasis added).
 {¶ 33} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. It is well-settled that `when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party.' Byrd v. Faber
(1991), 57 Ohio St.3d 56, 60, citing Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190, 192." Thompson v. Central OhioCellular (1994), 93 Ohio App.3d 530, 538 (decided under former analogous section).
 {¶ 34} We will not speculate as to who gave consent for A.J. Riley to begin construction on the farmland, or whether such consent was legitimate, because such information is neither available nor relevant for the purpose of determining a motion to dismiss. Appellant's complaint alleged that "Hartland Township agents * * * retained A.J. Riley Construction, Inc. to commence construction on property which it did not own and which was known to be the subject of prior claim and litigation." A.J. Riley had argued in its motion to dismiss that it "performed this work under the guise that Hartland Township was of the full authority to authorize such work to be done." Documentary evidence was attached to appellant's memorandum in opposition to the motion to dismiss; A.J. Riley advanced no evidence in support of its assertions; however, our review of appellant's trespass claim and its dismissal is limited to the allegations contained in the complaint — the trial court's review should also have been so limited.[4]
 {¶ 35} Thus, appellant's seventh assignment of error as it relates to her trespass claim against A.J. Riley is well-taken. On remand, the trial court should also ascertain whether the complaint states claims for trespass against the remaining appellees since trespass was not addressed in the orders dismissing Hartland, Kamm, or Kasper. For the forgoing reasons, we reverse the trial court's dismissal of appellant's trespass claims, but affirm the trial court's orders disposing of appellant's takings claims. We remand this cause to the Huron County Court of Common Pleas for further proceedings consistent with this decision. Appellant and appellees are ordered to pay the costs of this appeal equally between them, for which sum judgment is rendered against appellant and appellees on behalf of Huron County and for which execution is awarded. See App.R. 24.
Judgment reversed, in part, and affirmed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., Concur.
[1] In the prior litigation, both Susan Blood and Robert Poturica, Jr. were appellants. In this decision, only Blood's participation is discussed.
[2] For the purposes of A.J. Riley's motion to dismiss for failure to state a claim, we must assume that appellant had an ownership interest. The trial court improperly considered appellant's prior cases when it stated in its orders dismissing Tucker Abstract that appellant's property interest was "an unrecorded land installment contract that was in the process of being litigated at the time that Tucker undertook its title work for the township and that it was ultimately determined by the courts that the land installment contract was not enforceable," since this references material outside of the complaint. "Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. State ex rel. Baran v. Fuerst (1990),55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716." State ex rel. Boggsv. Springfield Local Sch. Dist. Bd. of Educ. (1995),72 Ohio St.3d 94, 96. However, we will not reverse on this basis; even inferring the fact of appellant's interest, appellant had no interest in the transaction between the Nofzingers and Hartland, for whom the title work was performed; thus, appellant can prove no set of facts upon which she might recover against Tucker Abstract.
[3] Indeed, as mentioned in footnote two, supra, appellant's complaint does not state what her interest in the subject property was. Although "[p]rinciples requiring generous construction of pro se filings do not require courts to conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning," State ex rel. Karmasu v. Tate
(1992), 83 Ohio App.3d 199, 206, we may infer, for the purpose of testing appellant's complaint for trespass pursuant to Civ.R. 12(B)(6), that appellant had an interest in the property cognizable for a claim of trespass.
[4] See Civ.R. 12(B): "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."