CITY OF PARMA, APPELLANT, *v.* HUDGEONS, APPELLEE. ■

[Cite as Parma v. Hudgeons (1979), 61 Ohio App. 2d 148.]

(No. 38058—Decided January 11, 1979.)

*Mr. Stephen P. Bond,* and *Mr. Andrew Boyko,* for appellant.

*Messrs. Cassidy & Mottl,* for appellee.

JACKSON, J.   Defendant-appellee, Thomas Hudgeons, is the owner of property located at 7725 and 7733 Ridge Road, Parma, Ohio. On June 22, 1976, plaintiff-appellant, city of Parma, filed a complaint with the Cuyahoga County Court of Common Pleas, seeking an injunction against the continued use of this residentially-zoned property for commercial purposes. On September 20, 1976, defendant filed an answer and counterclaim, asserting that a variance was granted in 1954 permitting the commercial use of his property. Defendant's counterclaim was subsequently dismissed by the court and is not an issue in this appeal.

From 1931 to February 21, 1955, the subject property was zoned "single family," except for the front 125 feet which was zoned "apartment." Since 1955, the entire property has been zoned "single family residential."

Defendant took title to the subject property on March 18, 1974, from George Kane and Ruth Kane, principal stockholders of the grantor, California Electric Construction Co., Inc.

On September 13, 1954, George Kane appeared before the Parma Zoning Board of Appeals (hereinafter "PZBA") appealing the decision of the Parma Building Commissioner which denied a permit to construct an office and storage building at 7733 Ridge Road. The minutes of the September 13, 1954, meeting of the PZBA stated that the plans presented by Mr. Kane revealed a ranch-type design which he felt he might later convert into his own home.

The PZBA voted unanimously to deny the application for the stated reason that the area was zoned "residential."

On October 11, 1954, Kane reapplied to the PZBA for a

permit. He also presented a petition from property owners residing from 7447 to 7777 Ridge Road, who approved of the type of building he wished to erect. The PZBA thereupon unanimously reversed its decision of September 13, 1954, and granted the variance. A review of the record fails to disclose an appeal by appellant from this decision.

Following the construction of the building in 1955, it has been used commercially both by Kane and, after its acquisition, by the appellee.[1] Appellant further asserts that appellee expanded on the original commercial use by Kane, *i.e.,* "office building and garage with a display of electrical appliances,"[2] to include a storage of trucks and heavy equipment.

Appellant brought this action to restrain the alleged illegal commercial use under Section 1153.01, Parma Codified Ordinances.[3]

On February 23, 1977, appellant moved for summary judgment with accompanying affidavits. There was no allegation made to the trial court that the commercial uses permitted by the variance had been abandoned. Appellee Hudgeons filed a brief in opposition.

On June 1, 1977, the court issued an order, based upon the briefs and affidavits submitted, permitting the variance

---

[1] The law is established in Ohio that the grant of a variance by a Board of Zoning Appeals runs with the land. *Fox* v. *Johnson* (1971), 28 Ohio App. 2d 175. This is not an issue in the instant appeal.

[2] Minutes of the October 11, 1954 meeting of PZBA.

[3] "1153.01 Principal Uses and Buildings.

"Within any Single-Family House District, no buildings or premises shall be erected, used, arranged or designed to be used in whole or in part for other than one or more of the following specified uses:

(a) Single-family dwellings.

(b) Public parks, water towers or reservoirs.

(c) Churches or other places of worship; parish houses.

(d) Public and private schools and colleges.

(e) Grounds for games or sports except those of which a chief activity is one customarily carried on primarily for gain, municipal playgrounds.

(f) Public or private golf courses, except miniature golf courses.

(g) Electric railway passenger stations, including accessory service therein and right of way, but not including switching, storage or freight yards or industrial sidings.

(h) Crematories in existing cemeteries, provided they are not within 300 feet of any boundary that abuts a residence district.

(i) Accessory uses and buildings." (Ordinance 42-55. Passed 2-21-55.)

granted to Kane in 1954 to stand, but restricting the defendant-appellee to commercial uses of the property permitted under the variance as stated in Kane's application.[4]

Appellant filed a timely notice of appeal and presents six assignments of error for review:

"1. The trial court erred in finding that the grant of variance in 1954 was proper because no showing was made by George Kane of undue hardship.

"2. The trial court erred in finding that the grant of variance in 1954 was proper because no finding was made by the Board of Zoning Appeals of undue hardship.

"3. The trial court erred in finding that the grant of variance in 1954 was proper because it amounted to an amendment to the zoning ordinance by an administrative body.

"4. The trial court erred in failing to grant a permanent injunction to prevent defendant-appellee from using the subject premises, presently zoned for residential use, for commercial purposes.

"5. The trial court's judgment is not sustained by the evidence and is against the manifest weight of the evidence.

"6. The trial court's judgment is contrary to law."

Parma Building Zone Ordinance No. 1384, Section 24, which was in effect when the variance was granted in 1954, sets out the standards for granting a variance.

"Section 24. (a) The Board of Appeals shall have such duties and powers as are set forth in the various sections of this ordinance. The Board shall adopt such rules and regulations as it may deem necessary to carry into effect the provisions of this ordinance. It shall hear and decide all questions brought before it by appeal from the refusal, granting or revocation of permits by the Commissioner of Buildings under the provisions of this ordinance or of any section of the Building Code. It shall also hear and decide all matters referred to it or upon which it is required to pass under this ordinance. Within its powers the Board may reverse or affirm, wholly or in part, a determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made under the circumstances and

---

[4] The court's order of June 1, 1977, vacated and "clarified" an earlier order of the court entered on May 19, 1977.

to that end shall have all the powers of the officer from whom the appeal is taken and it may issue or direct the issuance of a permit.

"(b) *Where there are difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Appeals shall have the power in a specific case to vary the application of any such provision in harmony with the general purpose and intent of the ordinance so that the public health, safety, morals and general welfare may be secured and substantial justice done.*

"Variation in specific cases of practical difficulty or unnecessary hardship, in addition to other proper variations, shall include the following:

"Use

"1. Permit the location of a one-story storage garage in a residence district; provided that when such permit is issued there shall be on file with the said Board the consents, duly signed and acknowledged, of the owners of 60 percent of the land within the area deemed by the said Board to be specifically affected by such garage." (Emphasis added.)

As previously indicated, it is apparent that a timely appeal to the Common Pleas Court was not taken from the decision of the PZBA granting a variance to Mr. Kane in 1954.[5] It was not until twenty-two years later that appellant city of Parma attempted, by means of a petition for injunction, to contest the validity of the variance in question.

In the appeal at bar appellant contends that the granting of a variance to Mr. Kane in 1954 was a nullity, improper and contrary to law because the record of proceedings of the PZBA in 1954 fails to demonstrate (1) that Mr. Kane made a showing of "unnecessary hardship" as required by Section 24 (b) of Parma Zoning Ordinance No. 1384, and (2) that a finding of "unnecessary hardship" was made by the PZBA.[6]

This appeal raises the threshold issue of whether the deci-

---

[5] R. C. 2505.24, which was in effect in 1954, permitted the Court of Common Pleas, when an appeal had been timely filed pursuant to provisions of R. C. 2505.03 and 2505.07, to act as an appellate court and render a judgment upon questions of law.

[6] Relative to the granting of the variance in the case at bar, the only record before the trial court was the minutes of the PZBA hearings of September 13, 1954 and October 11, 1954.

sion of the PZBA in 1954 may be challenged in 1976 for alleged procedural or substantive errors of law. Recently this court distinguished between those judgments which are *void* and hence a mere nullity, and those judgments which are *voidable,* and which, when not timely appealed, may not be subsequently attacked as improper or contrary to law:

"***It is only in instances in which the trial court lacks jurisdiction that a judgment is void rather than voidable." *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144, 148.

The court went on to state: "***As with any other procedural deficiency, upon a showing that the assigned error has merit and that it worked to the prejudice of the appellant, the judgment of the lower court will be set aside. Thus, all judgments of the trial court are potentially voidable. This potentiality, however, does not alone impair the validity of the judgment."

"***Unless the judgment is challenged, however, its validity does not become an issue. Thus, when a party has a possibly meritorious assignment of error, but does not appeal the lower court's decision in the case so that a determination of the assigned error can be made, that judgment remains valid and the prevailing party may fully rely upon it. After the thirty day time for the appeal of a judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civil Rule 60. If the judgment was voidable and not appealed, it is not a mere nullity, it cannot be disregarded, it cannot be attacked collaterally, and it remains in full force and effect." *Eisenberg* v. *Peyton, supra,* at 151.

*See also, State ex rel. Broadway Petroleum Corp.,* v. *Elyria* (1969), 18 Ohio St. 2d 23, 27, and *Consultants* v. *Todd* (1964), 175 Ohio St. 425, 427.

In the case at bar, a quasi-judicial board (the Parma Board of Zoning Appeals) is involved. It is beyond dispute that pursuant to provisions of Section 24(b) of Parma Zoning Ordinance No. 1384, the PZBA had exclusive jurisdiction to hear and determine the application by Mr. Kane in 1954 for a variance. Having reached this conclusion, this court finds that the granting of the variance by PZBA is not void, but voidable. The failure by appellant city of Parma to challenge the order of the PZBA by a timely appeal resulted in a

removal of the "voidability of the judgment." *Eisenberg* v. *Peyton, supra.* In other words, any procedural deficiency is waived by reason of the failure to take a timely appeal from the original order.

Therefore, the order of PZBA remains valid and in full force and effect. The order granting the variance may not be attacked collaterally, as in appellant's petition for injunction, but uses of the property in excess of those uses permitted by the variance may be enjoined as demonstrated by the decision of the trial court herein.[7]

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PATTON and DAY, JJ., concur.

---

[7] Appellant sought to enjoin not only the commercial use of appellee's property which exceeded the uses granted by the variance, but all commercial uses of the property. The order of the trial court enjoined only the commercial uses of the property which exceeded the commercial use originally permitted by the variance granted in 1954.