WATTERSON, Appellant,

v.

KING et al., Appellee.

[Cite as *Watterson v. King,* 166 Ohio App.3d 704, 2006-Ohio-2305.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2005–CA–00283.

Decided May 8, 2006.

William Zavarello, for appellant.

Tim Watterson, for appellee.

GWIN, Judge.

{¶ 1} Plaintiff-appellant, Tim M. Watterson, appeals the October 7, 2005 judgment entry entered by the Canton Municipal Court that rendered judgment in favor of defendant-appellee, Deborah L. King, following a nonjury trial.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} According to the record, appellee retained appellant, an attorney, to represent her in a "Lemon Law" dispute in connection with her purchase of two motor vehicles. Appellee testified that the written fee agreement contained a nonrefundable minimum fee retainer of $2,000 and a contingent fee of 40 percent of the gross value of any settlement received or verdict or judgment obtained at trial. Appellee testified that she was not aware of those provisions. The written

fee contract was not attached to appellant's answer nor admitted into evidence at trial.

{¶ 3} During the course of events, a portion of appellee's case was settled for $2,500. The settlement proceeds were deposited into appellant's escrow account, pending resolution of the remainder of appellee's claims.

{¶ 4} Over the succeeding months, appellant's relationship with appellee deteriorated, and he withdrew or was discharged as appellee's attorney.

{¶ 5} The nonrefundable retainer was the subject of a disciplinary complaint filed by appellee against appellant. *Stark County Bar Assn. v. Watterson,* 103 Ohio St.3d 322, 2004-Ohio-4776, 815 N.E.2d 386. Prior to the filing of the small-claims action, the Board of Commissioners of Grievances and Discipline found that appellant had violated DR 2–106(A) in representing appellee because "he charged the nonrefundable retainer to the Kings on top of a contingent fee." Id. at ¶ 39. The Ohio Supreme Court ruled that appellant be suspended from the practice of law in Ohio for one year with the last six months suspended if there were no further violations of the Disciplinary Rules and if there was supervision by an appointed mentor for one year. Id. at ¶ 49. The Supreme Court ruling did not include an order requiring restitution to the appellee, nor did it address the issue of legal malpractice.

{¶ 6} On May 20, 2005, appellee filed a small claims complaint against appellant in the Canton Municipal Court. The claim stated: "[Appellant] refused to give me our money from General Motors * * *." Appellant responded that the appellee had entered into a "retainer plus contingent fee" contract and the $2,500 that was received in settlement from General Motors was earned as his fee in accordance with the contract. Appellant further requested that the litigation be transferred to the court's regular docket. That request was granted.

{¶ 7} By judgment entry filed August 11, 2005, the trial court scheduled the case for a nonjury trial on September 30, 2005. On September 27, 2005, appellant filed a motion to continue the trial, wherein he informed the trial court that "[m]oreover, [appellant] will not be attending any trial in this matter." Appellant informed the trial court that he was "unwilling to return even one penny of his properly charged and earned fee on this * * * case." The trial court overruled appellant's request for a continuance by judgment entry filed September 28, 2005. The trial was held on the scheduled trial date without appellant's presence. Appellee testified at the trial.

{¶ 8} On October 7, 2005, the trial court granted judgment in favor of appellee and against appellant in the amount of $2,500 plus interest and costs.

{¶ 9} Appellant has brought this timely appeal, asserting the following two assignments of error:

{¶ 10} "I. The trial court erred in ruling that appellant owes appellee his entire attorney fee of $2,500."

{¶ 11} "II. The trial court erred in ruling that appellant let the statute of limitations run and therefore committed legal malpractice."

I

{¶ 12} In his first assignment of error, appellant argues that the trial court erred in ruling that he was liable to appellee in the amount of $2,500. We disagree.

{¶ 13} We begin by noting that appellant failed to appear at trial. When a defendant and his counsel fail to appear at a trial, despite their previous appearance or answer in the matter, the plaintiff must go forward and present evidence going to all elements of the cause of action. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 28 OBR 216, 502 N.E.2d 599; Civ.R. 58. In other words, the plaintiff is still required to prove its case.

{¶ 14} In the case at bar, the trial court heard appellee testify that appellant withdrew or was discharged as appellee's attorney after receiving a partial settlement on appellee's claim in the amount of $2,500.00. Appellant has not returned any part of those proceeds.

{¶ 15} The maximum amount of fees, if any, that appellant would be entitled to from his former client's settlement was the reasonable value of the legal services actually rendered prior to the attorney's date of discharge, regardless of what terms the contract between the attorney and the client stated, when there was no question or dispute that the attorney was either discharged or withdrew after the settlement. *Reid, Johnson, Downes, Andrachik & Webster v. Lansberry* (1994), 68 Ohio St.3d 570, 629 N.E.2d 431; *Roberts v. Hutton* (2003), 152 Ohio App.3d 412, 2003-Ohio-1650, 787 N.E.2d 1267, at ¶ 37.

{¶ 16} To recover under the doctrine of quantum meruit, appellant must prove the reasonable value of the services rendered. *Fox & Assoc. Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448. DR 2–106 provides a comprehensive listing of factors for determining the value of services rendered. Foremost on the list is the time and labor required, with the remaining factors concerning modifications of the value of the time spent. DR 2–106(B). *Reid* further stated that even though attorneys frequently do not keep detailed records of time spent on contingent fee cases, an attorney has the responsibility of keeping an accurate record of time and resources expended. *Reid,* 68 Ohio St.3d

at 576, 629 N.E.2d 431, fn. 3. *Korey v. Gross,* 5th Dist. No. 2002 CA 00438, 2004-Ohio-4940, 2004 WL 2260685, at ¶ 28.

{¶ 17} Appellant did not present evidentiary materials concerning the time that he spent on appellee's case and the nature of the effort expended. Without a showing of time spent, together with the type of professional work involved, appellant has not met the burden of proving the value of his services as they relate to appellee's Lemon Law case. Therefore, under the *Fox* and *Reid* line of cases, appellant cannot prove his entitlement to any portion of the settlement proceeds, and appellee is entitled to judgment. *Korey v. Gross,* supra, at ¶ 30. Appellant had the opportunity to produce his evidence and present his arguments. Appellant chose to ignore this opportunity. Appellant cannot claim now on appeal that he was denied due process when he failed to act. Furthermore, by failing to appear, appellant also failed to present any evidence to support his objections or to contradict the findings of fact in the trial court's judgment entry. *Ankrom v. Ankrom* (1985), 30 Ohio App.3d 47, 53, 30 OBR 102, 506 N.E.2d 259; *Dover Elevator Co. v. Onapolis* (May 23, 1997), 11th Dist. No. 96–P–0216, 1997 WL 286138.

{¶ 18} Nor are we persuaded by appellant's argument that the Ohio Supreme Court's disciplinary opinion bars any further action under the doctrine of res judicata.

{¶ 19} "The purpose of disciplinary actions is to protect the public interest and to ensure that members of the bar are competent to practice a profession imbued with the public trust. *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. These interests are different from the purposes underlying tort law, which provides a means of redress to individuals for damages suffered as a result of tortious conduct. Accordingly, violation of the Disciplinary Rules does not, in itself, create a private cause of action. *Am. Express Travel Related Servs. Co. v. Mandilakis* (1996), 111 Ohio App.3d 160, 675 N.E.2d 1279." *Fred Siegel Co., L.P.A. v. Arter & Hadden* (1999), 85 Ohio St.3d 171, 178, 707 N.E.2d 853.

{¶ 20} "Furthermore, the Code of Professional Responsibility lists only disciplinary action as a possible sanction for violation of the Disciplinary Rules. 'A complaint of misconduct by an attorney for violation of a Disciplinary Rule subjects the attorney to disciplinary action such as reprimand, suspension or disbarment from the practice of law. Jurisdiction is with the Supreme Court of Ohio.' *David v. Schwarzwald, Robiner, Wolf & Rock* [1992], supra, 79 Ohio App.3d [786] at 802, 607 N.E.2d [1173] at 1183 (citing *Palmer v. Westmeyer* [1988], 48 Ohio App.3d 296, 298, 549 N.E.2d 1202, 1205). There is no mention of

civil liability." *Am. Express Travel Related Servs. Co., Inc. v. Mandilakis* (1996), 111 Ohio App.3d 160, 166, 675 N.E.2d 1279.

{¶ 21} Accordingly, a disciplinary action does not bar a civil lawsuit on the same or similar conduct under the doctrine of res judicata.

{¶ 22} Appellant's first assignment of error is overruled.

## II

{¶ 23} In his second assignment of error, appellant maintains that the trial court erred in ruling that he had let the statute of limitations run against two of the defendants in appellee's Lemon Law case.

{¶ 24} We find the statement by the trial court concerning the running of the statute of limitations superfluous to the judgment against appellant. As noted in our disposition of the first assignment of error, appellant failed to present a defense at trial showing that he was entitled to retain any portion of the settlement proceeds as his fee for representation of appellee during the Lemon Law case. Neither legal malpractice nor the statute of limitations were issues necessary to support the trial court's decision.

{¶ 25} Accordingly, appellant's second assignment of error is overruled.

{¶ 26} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Judgment affirmed.

WISE, P.J., and FARMER, J., concur.