[Cite as *State v. Cline*, 2014-Ohio-4503.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :                    C.A. CASE NO.    2013 CA 51

v.                                               :                    T.C. NO.    00CR163

JAMES M. CLINE                                   :                    (Criminal appeal from
                                                                     Common Pleas Court)

    Defendant-Appellant                       :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____10th_____ day of _____October_____, 2014.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JAMES M. CLINE, Inmate No. 418660, Warren Correctional Institution, 5787 State Route 63, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** James M. Cline appeals from a judgment of the Champaign County

Court of Common Pleas, which denied his pro se "Motion to Vacate Sentence and Judgment Due to Lack of Subject-Matter Jurisdiction and Lack of a Charging Instrument." For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In 2003, Cline was convicted by a jury of numerous counts of unauthorized use of a computer, menacing by stalking, conspiracy to commit aggravated arson, criminal mischief, intimidation of a crime witness, and telecommunications harassment; in all, he was convicted of 76 counts. These convictions were reversed on appeal, due to problems with Cline's waiver of his right to counsel. *See State v. Cline*, 103 Ohio St.3d 471, 2004-Ohio-5701, 816 N.E.2d 1069 (reversing our decision in *State v. Cline*, 2d Dist. Champaign No. 2002-CA-5, 2003-Ohio-4712, on the authority of *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, which held that a trial court must substantially, but not literally, comply with Crim.R. 44(C)'s requirements for the waiver of counsel) and *State v. Cline*, 164 Ohio App.3d 228, 2005-Ohio-5779, 841 N.E.2d 846 (2d Dist.) (holding that the trial court had not substantially complied with the Crim.R. 44 requirements for the waiver of counsel).

{¶ 3} Before Cline was retried, the State indicted him on an additional 255 counts of telecommunications harassment. A second jury trial was held in November 2006. Cline was found guilty of four counts of unauthorized use of a computer, two counts of conspiracy to commit aggravated arson, one count of menacing by stalking, one count of criminal mischief, one count of intimidation of a crime witness/victim, and 176 counts of telecommunications harassment. The trial court sentenced Cline to prison terms totaling fifty-eight and one-half years. On appeal, we affirmed his conviction on all counts, except

one count of conspiracy to commit arson, which we reversed and vacated. *State v. Cline*, 2d Dist. Champaign No. 07CA02, 2008-Ohio-1866.

{¶ 4} In February 2008, while Cline's appeal from his second conviction was pending, he filed a petition for post-conviction relief, pursuant to R.C. 2953.21, alleging ineffective assistance of trial counsel, vindictive prosecution, and a disproportionate, excessive sentence. The State moved for summary judgment. The trial court granted summary judgment, concluding that Cline's claims for relief either were raised or could have been raised on direct appeal and were therefore barred by res judicata. We reversed and remanded the trial court's decision with respect to one aspect of the alleged ineffective assistance of counsel; otherwise, we affirmed the trial court's judgment. *State v. Cline*, 2d Dist. Champaign No. 08CA21, 2009-Ohio-7041. On remand, the trial court again granted summary judgment to the State on Cline's petition for postconviction relief. Cline's appeal from that judgment was dismissed in October 2011 for lack of prosecution.

{¶ 5} On August 22, 2013, Cline filed in the trial court a pro se "Motion to Vacate Sentence and Judgment Due to Lack of Subject-Matter Jurisdiction and Lack of a Charging Instrument." The motion alleged that the indictments on which his convictions were based were fraudulent; specifically, Cline alleged that the charges had never been presented to a grand jury, that the foreperson had signed a blank piece of paper, and that the prosecutor had attached to the foreperson's blank signature page "whatever charges he/she wishes." Cline did not offer any evidence in support of this claim; rather, he apparently relied on the State's inability to disprove his claim. The trial court concluded that Cline's attack on the indictments and allegation of fraud in its procurement were not jurisdictional in

nature and could have been raised at his trial. The court also observed that Cline had offered no evidence to support his allegations of fraud in the procurement of the indictments. The court denied Cline's motion.

{¶ 6} Cline appeals from the trial court's denial of his Motion to Vacate Sentence and Judgment, raising three assignments of error. His first two assignments assert that unanswered questions about the validity of the indictments affected the trial court's subject-matter jurisdiction, and the third assignment asserts that his due process rights were violated when the trial court convicted and sentenced him without subject-matter jurisdiction. The State refutes Cline's arguments that there were any defects in the indictments and that the trial court lacked subject-matter jurisdiction; it also argues that Cline's motion is properly classified as a petition for postconviction relief, that it was untimely, and that it failed to satisfy the requirements for filing a successive petition for postconviction relief.

{¶ 7} The trial court did not address the nature of Cline's motion or the standard under which it should be reviewed, and it did not discuss the requirements for a petition for postconviction relief. However, the State correctly observes that Cline's motion, despite its caption, would have been properly treated as a petition for postconviction relief under R.C. 2953.21(A)(1), because it (1) was filed subsequent to Cline's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997); *State v. Spencer*, 2d Dist. Clark No. 2006 CA 42, 2007-Ohio-2140, ¶ 11. Accordingly, the trial court should have addressed Cline's Motion to Vacate Sentence

and Judgment as a petition for postconviction relief.

{¶ 8}   Under R.C. 2953.21(A)(2), Cline was required to file a petition for postconviction relief "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***."   "A court may not entertain a petition filed after the [180-day period] * * * or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies."  R.C. 2953.23.  R.C. 2953.23(A)(1) and (2) address situations in which the petitioner can show that he was unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief, in which the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, or in which the petitioner was convicted of a felony and is an offender for whom DNA testing was performed, the results of which  show actual innocence of that felony offense.  Cline's claims do not fall within the parameters for an untimely or successive petition, and his petition was not filed within 180 days of the date on which the trial transcript was filed in this court on direct appeal. The trial court could have denied the petition on that basis.

{¶ 9}   Looking beyond the untimeliness of Cline's motion, the substance of his arguments suggests that the grand jury's foreman's signatures were not properly obtained and that the prosecutor's signatures on the indictments were improperly attached by lithographic means.  The foreman's signature on an indictment is required under Crim.R. 6(C) and 6(F); the prosecutor's signature is required under Crim.R. 7(B).

{¶ 10}   Even if Cline had set forth any facts showing that the foreman may have

signed a blank document, the Supreme Court has held that a grand jury foreman's failure to sign an indictment does not deprive the trial court of jurisdiction. *Kroger v. Engle*, 53 Ohio St.2d 165, 373 N.E.2d 383 (1978). Further, Crim.R. 12(C)(2) states that defects in an indictment must be raised before trial, which refutes Cline's assertion that such a defect deprives the court of subject-matter jurisdiction. The Supreme Court has also held that alleged fraud on the part of the authorities involved in the prosecution of a case does not implicate the jurisdiction of the sentencing court. *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73, 558 N.E.2d 1183, 1183-84 (1990), citing *Wireman v. Adult Parole Auth.*, 38 Ohio St.3d 322, 528 N.E.2d 173 (1988). With regard to misconduct on the part of the prosecutor, it is well established that "the Ohio Supreme Court has exclusive jurisdiction to determine violations of attorney disciplinary rules. * * * All grievances involving alleged misconduct by attorneys and judges are to be brought and disposed of in accordance with the provisions of Rule 5 of the Supreme Court Rules for the Government of the Bar of Ohio." *Madison Cty. Bd. of Commrs. v. Bell*, 12th Dist. Madison No. CA2005-09-036, 2007-Ohio-1373, ¶ 15. *See also Watterson v. King*, 166 Ohio App.3d 704, 2006-Ohio-2305, 852 N.E.2d 1278 (5th Dist.).

{¶ 11} Cline contends that the "charging instrument" or indictments in his case were not constitutionally sufficient to confer jurisdiction on the trial court because they "contai[n] a lithographic signature * * * alleged to be that of the prosecuting attorney." Cline asserts that any person or company in possession of such equipment could have printed the lithographic signature on the document. He also contends that the indictments are "simply a group of papers with a pre-printed signature purporting to be that of the

prosecutor and a purported signature of a grand jury foreperson. There is absolutely nothing in the purported indictment[s] that would distinguish it from other papers filed in Champaign County purporting to be indictments. A very significant paper related to this matter does not show a case number having nexus to Appellant." He contends that these alleged defects in the indictments divested the trial court of subject-matter jurisdiction, and that he may challenge his conviction based on lack of subject-matter jurisdiction at any time. In other words, Cline argues that the defects in his indictments left the trial court without jurisdiction to convict him, that his judgment was therefore void, and that a void judgment can be challenged at any time.

{¶ 12} Under Ohio law, there are generally "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'" *Lamb v. Lamb*, 2d Dist. Montgomery No. 24076, 23538, 2011-Ohio-2970, ¶ 12, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12; *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15. A voidable order is one that is defective or irregular, whereas a void order is one entered by a court without the jurisdiction to enter it. *City of Parma v. Hudgeons*, 61 Ohio App.2d 148, 153, 400 N.E.2d 913 (8th Dist.1979); *State v. Louden,* 2d Dist. Champaign No. 97-CA-05, 1997 WL 666074, *2 (Oct. 24, 1997). For the reasons discussed above, the alleged problems with Cline's indictments did not deprive the trial court of subject-matter jurisdiction over his case or the authority to act.

{¶ 13} Further, we have held that "the sufficiency of the indictment is not a matter for post-conviction relief; and * * * even if it were, the doctrine of res judicata would

preclude such relief. 'Postconviction relief is available only for errors based upon facts and evidence (dehors) outside the record.' *State v. Rodriguez* (1989), 65 Ohio App.3d 151, 153, 583 N.E.2d 347. Errors or deficiencies in an indictment are not outside the record; therefore, they can only be attacked on direct appeal. *Midling v. Perrini* (1968), 14 Ohio St.2d 106, 107, 236 N.E.2d 557. It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it is based upon a claim that the indictment is insufficient or defective, since this claim would not require the use or consideration of matters outside the original record. *State v. Perry*, [(1967), 10 Ohio St.2d 175, 226 N.E.2d 104], supra, at paragraph nine of the syllabus." *State v. Grimm*, 2d Dist. Miami Nos. 96-CA-37 and 96-CA-38, 1997 WL 200550, * 2-3 (Apr. 25, 1997). Thus, the trial court did not err in denying Cline's petition on this basis that the sufficiency of the indictments should have been raised in prior proceedings.

{¶ 14} We note that Cline repeatedly asserts that the State cannot prove that the foreman signed a completed document, that the indictments originated in the prosecutor's office, or otherwise prove the authenticity of the indictments. However, in a petition for postconviction relief, the petitioner, Cline, bears the burden of proof. *State v. Aldridge*, 120 Ohio App.3d 122, 136, 697 N.E.2d 228, 237 (2d Dist.1997). Cline has presented no evidence to support his speculation and "hypotheticals" about the circumstances surrounding the execution of the indictments. In the absence of such evidence, we will not presume that his indictments were the product of a conspiracy on the part of the foreman, prosecutor, and/or others. Based on our review of the record, the indictments appear to be properly signed, and Cline has presented no evidence of the subterfuge suggested in his brief.

{¶ 15} Finally, we note that, in a supplemental letter to this court filed on September 12, 2014, Cline alleges irregularities in that 1) the case number did not appear on every page of the indictments, and 2) the prosecutor's signature did not appear under each count of the indictments. He suggests that the indictments are not authentic, because authentic documents created by the State of Ohio would be "identically created" and "accurate," which, he believes, the indictments in his case are not. He also infers misconduct from the facts that multiple grand juries were involved in his case, as counts were added, and that the same case number was used throughout the proceedings, notwithstanding the multiple indictments.

{¶ 16} Cline has not cited any authority for his assertions that inclusion of the case number on each page of an indictment or of the signature of the prosecutor under each count is required, and we are aware of none. Although Crim.R. 7 sets forth the basic requirements for an indictment, there is no requirement that multiple indictments in a particular case or indictments in different cases be "identically created"; minor variations in the formatting of such documents do not call into question their authenticity. Moreover, where counts are added to a case over time, the involvement of more than one grand jury and the addition of new counts under an existing case number are neither unusual nor suspicious.

{¶ 17} For the forgoing reasons, Cline's "motion" or petition to vacate his conviction was properly denied.

{¶ 18} Cline's assignments of error are overruled.

{¶ 19} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Jane A. Napier
James M. Cline
Hon. David C. Faulkner, Visiting Judge