[Cite as *Highfield v. Pietrykowski*, 2016-Ohio-5695.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Richard K. Highfield

Court of Appeals No. OT-16-008

    Appellant

Trial Court No. CVF 1500578

v.

William F. Pietrykowski, et al.

**DECISION AND JUDGMENT**

    Appellees

Decided:  September 2, 2016

* * * * *

Richard K. Highfield, pro se.

William F. Pietrykowski, for appellees.

* * * * *

**CELEBREZZE, JR., J.**

{¶ 1} Plaintiff-appellant, Richard K. Highfield ("appellant"), appeals the trial court's dismissal of his complaint for unjust enrichment and monetary damages. Specifically, appellant argues that (1) the motion to dismiss contained material and false representations, (2) the trial court erred in applying the doctrine of res judicata, (3) the

trial court had a duty to find that a quasi contract existed between the parties, (4) the trial court violated the Ohio Code of Judicial Conduct, and (5) defendant-appellee, William F. Pietrykowski, violated the Ohio Rules of Professional Conduct.  After a thorough review of the record and law, this court affirms.

## I.  Factual and Procedural History

{¶ 2} On February 5, 2015, appellant filed a complaint against defendants-appellees, William F. Pietrykowski, Carol A. Pietrykowski, and Gill Road Development, L.L.C. ("appellees"), alleging a cause of action based on an account for the accounting services he provided by preparing income tax returns for appellees for the calendar years of 2010 through 2013.  Appellant alleged that he received $420, $250, and $750 from appellees for preparing tax returns for the calendar year of 2009, and that appellees owed him $1,680, $1,000, and $2,440 for the tax returns he prepared for the calendar years of 2010 through 2013.  The trial court granted appellees' motion for judgment on the pleadings, finding that appellant's complaint failed to establish a prima facie case.  The trial court dismissed the case with prejudice.  Appellant did not appeal the trial court's dismissal.

{¶ 3} On December 28, 2015, appellant filed a second complaint against appellees alleging a cause of action based on unjust enrichment.  The complaint alleged that appellees owed appellant compensation for the accounting services he provided between 2010 and 2013.  Appellees filed a motion to dismiss arguing that appellant's second complaint was barred by the doctrine of res judicata because it was based on the same

2.

alleged facts as appellant's first complaint. The trial court noted that although appellant's second complaint was founded upon a different theory of recovery, the complaint was barred by the doctrine of res judicata. The trial court granted appellees' motion to dismiss, concluding that:

> It is obvious from the record that [appellant] is attempting to relitigate his failed attempt to present a claim against the same named defendants [in the second complaint] as were sued in the previous action. Here, [appellant] brings suit to recover based upon a theory of unjust enrichment; whereas in the former suit, his claim for relief was based upon an account.

{¶ 4} Appellant filed the instant appeal assigning six errors for review:

I. The trial court erred by imposing judicial standards never intended for the adjudication of a small claims case and contrary to Ohio Code of Judicial Conduct, Rule 2.2 impartiality and fairness.

II. The trial court erred by accepting the defendants-appellees' motion to dismiss that contained material false representations of the plaintiff-appellant's complaint for unjust enrichment.

III. The trial court erred when rendering its decision and judgment based upon the doctrine of res judicata after said court significantly altered the set of facts from plaintiff-appellant's original complaint.

3.

IV.  The trial court erred by not accepting a pleading of quasi contract after all defendants-appellees' acknowledged services (unilateral consideration) were rendered to their benefit by plaintiff-appellant.  The doctrine of "righting a wrong" preempts other doctrines.

V.  The trial court erred by not reporting [William Pietrykowski's] pattern of subterfuge, deceit, fraud and misrepresentation to the appropriate authority as required by the Ohio Code of Judicial Conduct, Rule 2.15.

VI.  The trial court erred by demonstrating bias, prejudice and contempt in violation of the Ohio Rules of Judicial Conduct, Rule 1.1, compliance with the law and Rule 2.3, bias, prejudice and harassment.

For ease of discussion, we address appellant's assignments of error out of order.

## II.  Law and Analysis

### A.  Conversion of Motion to Dismiss

{¶ 5} Before addressing the merits of the case, we must first address a procedural matter.  In order for a trial court to grant a motion to dismiss "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief."  *City of Cincinnati v. Berretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5.  When construing a complaint upon a motion to dismiss, "we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party."  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).  The court *may only look to the complaint* to

4.

determine whether the allegations are legally sufficient. *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8.

{¶ 6} When a motion to dismiss presents matters outside the record and the trial court does not exclude those matters, the motion "shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B). However, when a motion to dismiss is converted to a motion for summary judgment, the trial court is required to notify the parties and give them the opportunity to present such evidence as permitted under Civ.R. 56(C). *JNS Ents., Inc. v. Sturgell*, 4th Dist. Ross No. 05CA2814, 2005-Ohio-3200, ¶ 8. Failure to provide notice to the parties constitutes reversible error. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97, 563 N.E.2d 713 (1990); *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 96, 647 N.E.2d 788 (1995). Whether or not the trial court expressly states in its decision, when a court considers matters outside the pleadings, it is converting a Civ.R. 12(B)(6) motion to dismiss to a Civ.R. 56 motion for summary judgment and must notify the parties. *Baran, supra*.

{¶ 7} In *Blood v. Hartland Twp.*, 6th Dist. Huron No. H-04-032, 2005-Ohio-3860, the appellate court held that the trial court improperly considered appellant's prior cases in granting one of the defendant-appellee's motions to dismiss for failure to state a claim because the material was outside of the complaint. *Id*. at fn. 2. However, despite the trial court's failure to notify the parties that it was converting the Civ.R. 12(B)(6) motion to

5.

dismiss into a motion for summary judgment, the Sixth District did not reverse on that basis because appellant could not prove a set of facts upon which she might recover against the defendant-appellee. *Id.*

{¶ 8} In *Bowling Transp. v. Gregg*, 6th Dist. Sandusky No. S-96-007, 1997 Ohio App. LEXIS 168 (Jan. 24, 1997), the trial court considered documents outside the pleadings in ruling on a Civ.R. 12(B)(6) motion to dismiss and did not convert the motion to dismiss to a motion for summary judgment. *Id.* at 8. On appeal, the Sixth District held that the trial court erred as a matter of law by failing to comply with the requirements of Civ.R. 56. *Id.* However, the Sixth District did not reverse the trial court's judgment because plaintiff-appellant's complaint revealed the lack of a contract between appellant and two of the defendants-appellees upon which appellant's claims could be based. *Id.* at 11. Accordingly, the Sixth District concluded that the trial court "did not err in granting, although for different reasons, appellees' motions to dismiss for failure to set forth a claim upon which relief could be granted." *Id.*

{¶ 9} In the instant matter, the record reveals that the trial court improperly relied upon appellant's first complaint in granting appellees' motion to dismiss the second complaint. In doing so, the trial court considered information beyond the face of the second complaint. *See Charles v. Conrad*, 10th Dist. Franklin No. 05AP-410, 2005-Ohio-6106, ¶ 30. Thus, the trial court effectively converted appellees' motion to dismiss into a motion for summary judgment and was required to notify the parties of the conversion. *See Bethel Village Condominium Assn. v. Republic-Franklin Ins. Co.*, 10th

6.

Dist. Franklin No. 06AP-691, 2007-Ohio-546, ¶ 7. However, the trial court failed to do so.

{¶ 10} Although the failure to convert a motion to dismiss to a motion for summary judgment and notify the parties may constitute reversible error, neither appellant nor appellees have raised the trial court's failure to comply with the requirements of Civ.R. 56 as error on appeal. Furthermore, the parties did not raise this issue with the trial court in their pleadings on appellees' motion to dismiss. Instead, both parties contested the merits of the arguments involving res judicata and unjust enrichment. Accordingly, the parties waived the argument regarding the trial court's failure to comply with the requirements of the rule and failure to notify the parties of the conversion.

{¶ 11} Because the parties waived the issue, we will proceed to the merits of the appeal.

## B. Res Judicata

{¶ 12} In his third assignment of error, appellant argues that the trial court erred by dismissing his complaint based upon the doctrine of res judicata.

{¶ 13} The record reflects that the trial court granted appellees' motion to dismiss appellant's second complaint on the basis of res judicata. The doctrine of res judicata requires that a party to a lawsuit must present every ground for relief in that action or be forever barred from asserting any additional grounds. *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). Under Ohio law, it is well

7.

established that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit." (Emphasis sic.) *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

{¶ 14} In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), the Ohio Supreme Court held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at syllabus. The doctrine of res judicata applies to those who were parties in the prior action, to those who were in privity with the litigants, and to those who could have joined the action and did not. *See Howell v. Richardson*, 45 Ohio St.3d 365, 367, 544 N.E.2d 878 (1989).

{¶ 15} In the instant matter, appellant filed his first and second complaints against the same three appellees. Furthermore, appellant's complaints arose out of the same transaction or occurrence — the accounting services that appellant provided by preparing tax returns for appellees, and the compensation that appellees allegedly owed appellant for his services. The only difference between appellant's first and second complaints was the theory upon which he claimed he was entitled to relief.

{¶ 16} The trial court noted that in appellant's first complaint, he neither included unjust enrichment as an alternative claim to his cause of action based on an account nor sought leave of court to amend the complaint to include the alternative theory of relief. Accordingly, based on *Rogers*, 25 Ohio St.3d 67, 494 N.E.2d 1387, the trial court concluded that appellant's second complaint was barred under the doctrine of res judicata

8.

because appellant could have raised the issue of unjust enrichment in his first complaint, but failed to do so.

{¶ 17} "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). Accordingly, the fact that appellant filed his complaints pro se does not excuse his failure to raise his unjust enrichment claim in his first complaint.

{¶ 18} Based on the foregoing analysis, the trial court properly granted appellees' motion to dismiss appellant's second complaint. Because appellant's second complaint was based on the same operative facts as his first complaint and arose out of the same transaction or occurrence, the second complaint was barred under the doctrine of res judicata. Accordingly, the trial court did not err by granting appellees' motion to dismiss.

## C. Alleged Misrepresentations

{¶ 19} In his second assignment of error, appellant argues that the trial court erred by granting appellees' motion to dismiss because the motion contained material and false representations regarding his second complaint. Specifically, appellant contends that appellees' statement that "[appellant] previously filed a complaint against [appellees] alleging liability arising from the preparation of income tax returns for the years 2009

9.

through 2013" is a material and false representation because he never alleged that appellees owed him compensation for preparing tax returns for the 2009 calendar year.

{¶ 20} In his third assignment of error, appellant argues that the trial court erred by dismissing his second complaint because the trial court "significantly altered the set of facts from [his] original complaint" by relying upon the material and false representations contained in appellees' motion to dismiss. Specifically, appellant argues that the magistrate's reference to the 2009 calendar year constitutes a "significant misrepresentation" because he did not allege that appellees owed him compensation for preparing tax returns for the 2009 calendar year. The magistrate's decision and recommendation states that in appellant's complaints against appellees, he was seeking money allegedly owed to him for preparing tax returns for the calendar years of 2009 through 2013.

{¶ 21} After reviewing the record, it is evident that appellant was not seeking compensation for preparing appellees' tax returns for the 2009 calendar year. Although appellant's complaints reference the 2009 tax returns, the complaints acknowledge that appellees did in fact compensate him for preparing the 2009 tax returns. However, we cannot say that either appellees' or the magistrate's reference to the 2009 tax returns constitutes a material and false representation. Furthermore, the inaccurate reference to the 2009 tax returns has no bearing whatsoever on the trial court's disposition of the matter.

10.

**{¶ 22}** In adopting the magistrate's decision, the trial court corrected the magistrate's findings and noted that appellant's claims pertained to the calendar years of 2010 through 2013 — not to the 2009 calendar year. Aside from this correction, the trial court concluded that "there are no errors of law or other material defects on the face of [the magistrate's] decision."

**{¶ 23}** Based on the foregoing analysis, appellant's second and third assignments of error are overruled.

### D. Quasi Contract

**{¶ 24}** In his fourth assignment of error, appellant argues that the trial court had a duty to find that a quasi contract existed between him and appellees. Appellant emphasizes that appellees' acknowledged that appellant provided tax return services for the calendar years of 2010 through 2013, and that appellant's tax return services constitute "the receipt of a benefit."

**{¶ 25}** Appellant did not raise the quasi contract theory of recovery in his complaints, but he did raise the theory in his objections to the magistrate's decision and in opposing appellees' motion to dismiss. However, in light of our disposition of appellant's third assignment of error, we find no merit to appellant's argument.

**{¶ 26}** Because appellant neither asserted his unjust enrichment nor quasi contract claims in his first complaint, he was barred under the doctrine of res judicata from subsequently asserting these claims against appellees. Accordingly, the trial court did not

11.

err by granting appellees' motion to dismiss. Appellant's fourth assignment of error is overruled.

## E. Ethical Issues

{¶ 27} In appellant's first, fifth, and sixth assignments of error, he argues that the trial court violated Rules 1.1, 2.2, 2.3, and 2.15 of the Ohio Code of Judicial Conduct.

{¶ 28} A violation of the Ohio Code of Judicial Conduct does not permit this court to reverse the trial court's judgment. Appellate courts have consistently recognized that it is improper to raise allegations that a trial court violated the Code of Judicial Conduct, acted in a manner demeaning to the judiciary, and engaged in unethical misconduct on appeal. *Wilburn v. Wilburn*, 9th Dist. Lorain No. 05CA008798, 2006-Ohio-5820, 863 N.E.2d 204, ¶ 10; *Szerlip v. Spencer*, 5th Dist. Knox No. 01CA16, 2002 Ohio App. LEXIS 1375 (Mar. 14, 2002). "[A]ny allegations of judicial misconduct are not cognizable on appeal, but is a matter properly within the jurisdiction of the Disciplinary Counsel." *Szerlip* at 2.

{¶ 29} Furthermore, in appellant's fifth assignment of error, he argues that defendant-appellee William Pietrykowski violated Rule 8.4 of the Ohio Rules of Professional Conduct.

{¶ 30} It is well-established that "the Ohio Supreme Court has exclusive jurisdiction to determine violations of attorney disciplinary rules. * * * All grievances involving alleged misconduct by attorneys and judges are to be brought and disposed of in accordance with the provisions of Rule 5 of the Supreme Court Rules for the

12.

Government of the Bar of Ohio." *Madison Cty. Bd. of Commrs. v. Bell*, 12th Dist. Madison No. CA2005-09-036, 2007-Ohio-1373, ¶ 15; *see also Watterson v. King*, 166 Ohio App.3d 704, 2006-Ohio-2305, 852 N.E.2d 1278 (5th Dist.) (with regard to a complaint of misconduct by an attorney for violation of a disciplinary rule, jurisdiction is with the Ohio Supreme Court).

{¶ 31} Based on the foregoing analysis, we are without jurisdiction to address the merits of appellant's first, fifth, and sixth assignments of error. The proper method by which to raise appellant's allegations is by a grievance filed before the Board of Commissioners on Grievances and Discipline of the Supreme Court — not an appellate brief filed before this court. *See generally* Gov.Bar R. V.

{¶ 32} Appellant's first, fifth, and sixth assignments of error are overruled.

### III.  Conclusion

{¶ 33} Appellant filed his two complaints against the same three defendants-appellees, and his complaints were based on the same operative facts and arose out of the same transaction or occurrence. Under the doctrine of res judicata, appellant was required to present every ground for relief in his first action against appellees or be forever barred from asserting any additional grounds. *Natl. Amusements, Inc.*, 53 Ohio St.3d at 62, 558 N.E.2d 1178. However, appellant only presented a cause of action based on an account in his first complaint — he failed to raise his unjust enrichment and quasi contract claims in his first complaint, and he only asserted these additional grounds for relief after the trial court had dismissed his first complaint with prejudice. Thus,

13.

appellant's second complaint was barred under the doctrine of res judicata, and the trial court did not err by granting appellees' motion to dismiss.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J. and
SEAN C. GALLAGHER, J., CONCUR.

Judges Frank D. Celebrezze, Jr., J., Kathleen Ann Keough, P.J., and Sean C. Gallagher, J., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.