[Cite as *Glesser v. Nichols*, 2017-Ohio-7201.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Richard Glesser                                    Court of Appeals No. WD-16-054

    Appellant                                    Trial Court No. 2016CV0005

v.

Mark Nichols                                       **DECISION AND JUDGMENT**

    Appellee                                     Decided: August 11, 2017

* * * * *

Clint M. McBee, for appellant.

Andrew J. Wilhelms, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Richard Glesser, appeals from the October 5, 2016 judgment of the Wood County Court of Common Pleas granting the motion for summary judgment filed by appellee, Mark Nichols, and dismissing appellant's complaint with prejudice. For the reasons which follow, we affirm.

**{¶ 2}** On appeal, appellant asserts the following single assignment of error:

The trial court committed error by allowing appellee to file its motion for summary judgment without obtaining leave of court to file, contrary to Ohio Civil Rule 56(B), which states, in part "if the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."

**{¶ 3}** Appellant filed a complaint on January 6, 2016, asserting a claim of breach of contract against appellee, Mark Nichols. The trial court set summary judgment deadline for August 11, 2016, and trial for November 30, 2016. Appellee filed his motion for summary judgment on August 11, 2016. On October 5, 2016, the trial court determined that there were no material issues of genuine fact and that appellee was entitled to judgment as a matter of law because appellee was not appellant's employer.

**{¶ 4}** On appeal, appellant asserts that the trial court erred in considering appellee's motion for summary judgment without first obtaining leave of court to file the motion after the court scheduled a pretrial and trial date. We disagree.

**{¶ 5}** When a trial court issues a scheduling order setting forth a deadline for filing a motion for summary judgment and scheduling a pretrial and trial date, the trial court has implicitly granted leave to file a summary judgment motion according to the schedule, which satisfies the requirements of Civ.R. 56(B). *Rarden v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 12AP-225, 12AP-227, 2012-Ohio-5667, ¶ 25; *Stark v. Govt. Accounting Solutions, Inc.*, 10th Dist. Franklin No. 08AP-987, 2009-Ohio-5201, ¶ 36.

2.

Therefore, we find appellee's motion was filed with implicit leave of court and appellant's sole assignment of error is not well-taken.

{¶ 6} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.               _____
                             JUDGE

Arlene Singer, J.        

       _____
Thomas J. Osowik, J.                                   JUDGE
CONCUR.

       _____
                           JUDGE

3.