[Cite as *Glesser v. Professional Transp., Inc.*, 2018-Ohio-5282.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Richard J. Glesser

Court of Appeals No. WD-18-019

Appellant

Trial Court No. 17CV316

v.

Professional Transportation, Inc.

**DECISION AND JUDGMENT**

Appellee

Decided: December 28, 2018

* * * * *

Clint M. McBee, for appellant.

Andrew J. Wilhelms, for appellee.

* * * * *

**JENSEN, J.**

## I. Introduction

{¶ 1} Appellant, Richard Glesser, appeals the judgment of the Wood County Court of Common Pleas, granting appellee's, Professional Transportation, Inc., motion for

summary judgment after finding that appellant's wrongful termination action was barred under the doctrine of res judicata.

## A.    Facts and Procedural Background

{¶ 2} On June 15, 2017, appellant filed his complaint with the trial court, in which he alleged that appellee wrongfully terminated his employment as a branch manager of appellee's Toledo, Ohio unit on July 9, 2015.

{¶ 3} According to appellant, he was provided an employment contract when he was hired in 2012.  Under the terms of the alleged contract, appellant was to be paid a salary of $625 per week.  Appellant alleged that the contract detailed his job description and included "an attachment for orientation about offensive behavior."  Appellant acknowledged that he was not in possession of the employment contract, but opined that appellee was in possession of the signed copy of the agreement.  Further, appellant alleged that he was "left with the impression that if he followed the Contract he was given, including the attachment, he was guaranteed his position by Contract."

{¶ 4} On July 1, 2015, appellant was called into the office of appellee's general manager and informed that he was suspended indefinitely without pay while an investigation was conducted.  Appellant did not provide details regarding the nature of appellee's investigation or what brought it about.  Appellant's employment was terminated eight days after he was suspended.  On the date of his termination, appellant

2.

signed a "termination/separation form," which did not specify the basis for his termination.

{¶ 5} Believing that he was not an at-will employee because of the contract he was given when he was hired, appellant filed a wrongful termination action with the trial court against one of appellee's employees, Mark Nichols, in case No. 2016CV0005. The complaint filed in case No. 2016CV0005 alleged the same facts as those alleged in the present action. On October 5, 2016, the trial court granted summary judgment in favor of Nichols in case No. 2016CV0005. Appellant then appealed the matter to this court. *Glesser v. Nichols*, 6th Dist. WD-16-054, 2017-Ohio-7201. We affirmed the judgment of the trial court on August 11, 2017.

{¶ 6} While the appeal from the trial court's decision in case No. 2016CV0005 was pending before our court, appellant filed the present action against appellee. On December 13, 2017, appellee filed its motion for summary judgment, in which it argued that appellant's claims were barred by principles of res judicata and collateral estoppel, having already been raised and disposed of by a decision on the merits in case No. 2016CV0005. Appellant responded by arguing that Nichols and appellee have separate interests and are therefore not in privity with one another. As such, appellant asserted that summary judgment was improper. Further, appellant moved the trial court to require appellee to produce his personnel file, which he claimed would establish the existence of an employment contract.

3.

**{¶ 7}** Upon consideration of the parties' arguments, the trial court issued its decision on February 20, 2018. In its decision, the trial court found that appellant's claims were barred by res judicata. Thus, the court granted appellee's motion for summary judgment and dismissed the complaint with prejudice.

## B. Assignment of Error

**{¶ 8}** On March 13, 2018, appellant timely appealed the trial court's decision granting summary judgment to appellee, and now asserts the following assignment of error for our review:

> The trial court committed error by failing to order discovery of Appellant's personnel file held by Appellee. It was also error for the trial court to grant summary judgment without considering [appellee's] personnel file for Appellant.

## II. Analysis

**{¶ 9}** In appellant's assignment of error, he argues that the trial court erred in finding that his wrongful termination claim was barred by res judicata. Appellant also asserts that the trial court erred by granting summary judgment to appellee without first ordering appellee to produce his personnel file in discovery. Appellant moves this court to issue such an order compelling discovery of the personnel file. Because we find that appellant's claims in this action were properly dismissed via summary judgment on the basis of the doctrine of res judicata, we find appellant's motion moot.

4.

**{¶ 10}** "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.*

**{¶ 11}** The doctrine of claim preclusion has been distilled to apply where four elements are present: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; (4) both actions arise out of the same transaction or occurrence." *State ex rel. Hensley v. City of Columbus*, 10th Dist. Franklin No. 10AP-840, 2011-Ohio-3311, ¶ 11. With regard to the second element, we have elaborated that the doctrine of res judicata "applies to those who were parties in the prior action, to those who were in privity with the litigants, and to those who could have joined the action and did not." *Highfield v. Pietrykowski*, 6th Dist. Ottawa No. OT-16-008, 2016-Ohio-5695, ¶ 14, citing *Howell v. Richardson*, 45 Ohio St.3d 365, 367, 544 N.E.2d 878 (1989).

**{¶ 12}** Here, appellant's first action made its way to a valid judgment on the merits when it was dismissed on summary judgment. Further, the complaint in the first action is nearly identical to the complaint appellant filed in the present action, except for

5.

the substitution of defendants, and the same facts underlie both actions.  Thus, the only issue that remains to be examined is whether appellee is in privity with its employee (Nichols), or whether appellant could have joined appellee in the first action but failed to do so.

{¶ 13} Relevant to the issue before us, we have previously noted that "[a]n employment relationship, coupled with an identity of desired result, has created privity between an employee and the employer." *Reese v. Wagoner & Steinberg, Ltd.*, 6th Dist. Lucas No. L-10-1156, 2011-Ohio-2440, ¶ 20, citing *Electrical Enlightenment, Inc. v. Kirsch*, 9th Dist. Summit No. 23916, 2008-Ohio-3633, ¶ 9.  Other courts have likewise found that an agent is in privity with his or her principal for purposes of res judicata, where the agent is defending against claims that involve his or her conduct undertaken within the scope of the agency-principal relationship.  *Wright v. Heller*, 2018-Ohio-149, 102 N.E.3d 1285, ¶ 27 (1st Dist.) (applying res judicata to bar a second action against realty company and its agents who were acting as agents for Bank of America and were therefore deemed to be in privity with the bank); *Ferrara v. Vicchiarelli Funeral Servs., Inc.*, 2016-Ohio-5144, 69 N.E.3d 171, ¶ 19 (8th Dist.) (concluding that privity was established between funeral home, employee, and independent contractor because all actions taken by employee and independent contractor were on behalf of the funeral home).

6.

{¶ 14} In appellant's first action, he asserted a wrongful termination claim against Nichols for acts he committed while in the employment of appellee. In the present action, appellant asserts the same claim, only this time against the employer (appellee) instead of the employee (Nichols). Given the fact that appellee and Nichols were employer and employee, respectively, and because Nichols was acting within the scope of his employment during the time period at issue in both of appellant's actions, we find that the trial court properly concluded that appellee and Nichols are in privity with one another. As such, it is clear that all four elements of claim preclusion have been met in this case. Therefore, we hold that appellant's second action was barred by the doctrine of res judicata, and we find appellant's assignment of error not well-taken.

### III.    Conclusion

{¶ 15} In light of the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

7.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.

_____

Christine E. Mayle, P.J.                JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.